## CRONAN *vs.* ROBERTS & COMPANY.

1. The special jury provided for the trial of appeal cases from justice courts, by the act of 1878, is to be taken from the panels of traverse jurors, and not from the grand jury.
2. While generally a party cannot directly impeach his own witness, yet he may contradict him by proving the facts to be otherwise than as the witness has stated them.
3. The verdict is supported by the evidence.

Jurors.     Witness.     Evidence.     New     trial.     Before Judge SIMMONS.     Bibb Superior Court.     April Term, 1880.

Reported in the decision.

WASHINGTON DESSAU, for plaintiff in error.

A. PROUDFIT; R. F. LYON, for defendants.

JACKSON, Chief Justice.

Roberts & Co. sued Mrs. Cronan in the justice court for balance due on two notes or acceptances, amounting to some fifty-seven dollars besides interest, for which judgment was rendered by the justice court; an appeal was taken by defendant to the superior court, where the jury returned a verdict for the same sum, and a motion for a new trial having been refused, the defendant excepted.

1. The main error assigned is, that the court erred in refusing to try the appeal by a special jury selected from the grand jury, on the demand of the defendant, but tried the case before a special jury selected from the traverse jurors.

The act of 1878–9, passed to carry into effect the provision of the constitution of 1877, in respect to appeals from justice courts to the superior courts, enacts that the case on the appeal shall be tried by a *special* jury as provided in the Code of 1873.   Acts of 1878–9—153.

So that the question is, what special jury is provided for trial of civil cases in that Code? The act of 1869, codified in the Code of 1873, section 3932, provides that when parties do not agree to take one or the other of the panels of the traverse jurors, they shall strike alternately until twelve jurors are left, "which shall constitute the *special* jury to try the case." We think that the act of 1878–9 refers to this section rather than to section 3926, which has reference to special jurors selected from the grand jury. Certainly it would be very strange to give parties on the appeal from justice courts, involving amounts under one hundred dollars, greater privileges than in cases where thousands may be involved, and reason and good sense, as well as the convenience of the superior courts in practice, render the above construction of the act of 1878–9, the wiser and better ruling, even if there were doubt—of which it would seem there is none to be reasonably entertained.

2. The other point made is, that the defendants in error, having themselves offered the husband of plaintiff in error to show the debt was hers, by proving that she authorized the notes to be signed and recognized the debt, and having proved by him that she did not, could not impeach their own witness by contradicting him—that is, by proving by other witnesses that she did authorize the signature—and that it was her debt.

In *Skipper vs. The State*, 59 *Ga.*, 63, the question was settled against the plaintiff in error. There it was ruled that "though generally a party cannot directly impeach his own witness, yet he may contradict him by proving the facts to be otherwise than as the witness has stated them in evidence," and that is the very question made here. The rule is founded in good sense in all cases, and especially where one calls the husband to testify against the wife it ought to be applied, for though nominally the witness is against the wife, his interest and feelings are all with her.

Nor need surprise be expressed by the party calling the witness in such cases; for the impeachment is a mere incident and not direct. The other witnesses were called to prove the facts which the party failed to elicit from his first witness.

3. The verdict is abundantly supported by the evidence, and the new trial was properly refused.

Judgment affirmed.