## CHRISTIAN *v.* MACON RAILWAY AND LIGHT CO.

1. Under the evidence the jury might fairly infer that the defendant was negligent in running its cars.   If the plaintiff and the defendant were both negligent, the former can recover unless his negligence was equal to or greater than the negligence of the defendant, or unless he could by the exercise of ordinary care have avoided the consequences of the defendant's negligence.   The latter question is, under the plaintiff's evidence unexplained, a close one, and should have been submitted to the jury.

2. Where the plaintiff introduces in evidence a paragraph of the defendant's

answer, part of which is in his favor and part against him, the plaintiff is not estopped to rebut the parts which are against him, nor is the jury bound to take them as true. In such case the jury may, for sufficient reasons, believe a part of the admissions and disbelieve the other part, this being a question purely for the jury.

3. It was error to grant a nonsuit.

Argued May 12, — Decided June 8, 1904.

Action for damages. Before Judge Hodges. City court of Macon. September 15, 1903.

The suit was on account of injuries received in a collision of an electric street-car with a wagon in which the plaintiff was riding. He was nonsuited, and he excepted. At the trial there was testimony showing the following: The plaintiff got in his wagon at the sidewalk of a street along which ran three parallel sets of street-car tracks. Before the wagon started he glanced up and down the street to see if a car was approaching, but did not see one. Intending to go to the other side of the street, he drove the horse in a diagonal course towards the street-car tracks, and after he had been driving about half a minute, in a walk, or "kind of running walk," and while turning across the second set of tracks, a street-car, approaching from the direction whence he had come, struck the wagon and overturned it, causing him to fall and sustain the injuries on account of which he sued. The motorman of the car was looking backward as the car was approaching, and did not attempt to stop it, until too late to avoid the collision. One of the witnesses testified that he supposed the car was moving at the rate of ten or twelve miles an hour; others that it was running "pretty fast," "at a very good rate of speed," and at the ordinary speed. Several testified that no bell was rung, and no other warning given as to the approach of the car. The wagon was covered, and contained milk cans. The plaintiff testified that it was open for a distance of three and a half feet from the front on each side, and that the rest of it was closed; that his seat was in the enclosed part, and he was on the side next to the car; that the wagon obstructed the view back of him; that if he had looked around when the car was close — ten, fifteen, or twenty feet off, he could have seen it without leaning out, and, if it was running at the rate of eight or ten miles an hour, might have got out of the way, but that he did not look for a car after the wagon started, and did not know of the approach of this car until the collision. The part

of the track over which the car had passed was straight for a distance of six hundred feet from the point at which the collision occurred.    The plaintiff had been in the habit of crossing the tracks with his wagon at that point twice a day.    He introduced in evidence a paragraph of the defendant's plea, as follows:  "At the time of the alleged injury it was operating its cars along Mulberry street with all due care and caution; and if the said plaintiff was injured in any way, which this defendant denies, such injury was occasioned entirely by the gross carelessness and negligence of the said plaintiff, who was entirely at fault; that the street whereon said injury is alleged to have occurred is a wide street, and with a straight stretch of track, and that if the said plaintiff attempted to cross said track in front of said car he could have avoided what he claims as an injury, by the exercise of ordinary care upon his part; but instead of exercising such extraordinary care, the said plaintiff negligently and carelessly came in front of said car from across the street, not heeding the warning which was given of the approach of said car by the ringing of the bell of said car; and so this defendant says that the said plaintiff is not entitled to recover."

*M. Felton Hatcher* and *Crump & Travis,* for plaintiff, cited 113 *Ga.* 714–15; 95 *Ga.* 367–9; 119 *Ga.* 297; 102 *Ga.* 485; 99 *Ga.* 62; 94 *Ga.* 147; Id. 632; 97 *Ga.* 489 (2); 101 *Ga.* 410; 106 *Ga.* 870–74; 97 *Ga.* 498; 87 *Ga.* 678; 89 *Ga.* 463; 94 *Ga.* 560 (2); 84 *Ga.* 776; 103 *Ga.* 658; 90 *Ga.* 660; Cooley on Torts, 810; 108 *Ga.* 226; 103 *Ga.* 334 (11), 353; 80 *Ga.* 807 (2); 66 *Ga.* 170; 69 *Ga.* 619; 74 *Ga.* 385; 75 *Ga.* 222; 87 *Ga.* 199; 93 *Ga.* 816.

*Dessau, Harris & Harris,* for defendant, cited Civil Code, § 3830; 76 *Ga.* 508; 82 *Ga.* 804; 87 *Ga.* 6; 74 *Ga.* 613; 76 *Ga.* 334; 18 Fed. 249; 69 Fed. 811; 93 *Ga.* 312; 98 Fed. 524; 70 *Ga.* 207; 87 *Ga.* 7; 82 Fed. 218; 31 Fed. 532; 18 Fed. 249; 95 U. S. 697; 114 U. S. 615; 101 *Ga.* 217; 2 St. Ry. R. 188, c. 23 So. 604; 4 St. Ry. R. 7, c. 67 N. Y. Supp. 748; 1 St. Ry. R. 678, c. 35 Atl. 1126; 76 N. Y. 530; 1 St. Ry. R. 677, note, c. 16 N. Y. Supp. 330; 4 St. Ry. R. 148, c. 30 So. 747; 26 Fed. 22 (4); 95 *Ga.* 361; 8 Fed. 492, aff. 114 U. S. 615; 100 Am. D. 440; 75 Fed. 644; 82 Fed. 217; 86 *Ga.* 22; 55 Atl. 16; 60 N. W. 293, 102 Mich. 112; 76 S. W. 706; 82 Fed. 217; 86 Fed. 292, 40 L. R. A. 292; 119 *Ga.* 833; 97 *Ga.* 298.

SIMMONS, C. J.　The first headnote is sufficient without elaboration.　The second gave us more trouble.　It seemed to some of us, when the question was argued, that, where the plaintiff put in evidence the admissions and declarations of the defendant, by introducing a paragraph of the answer, and these declarations fully exonerated the defendant from all blame, the plaintiff was estopped to deny or contradict them.　It was on this theory, we suppose, that the learned judge below granted the nonsuit.　After a thorough and careful examination of the authorities, we find that this is not the rule as to such declarations.　The rule seems to be well settled, not only in this State but elsewhere, as evidenced by decisions and text-books, that where a party introduces statements of his adversary which are partly in his favor and partly against him, he is not concluded by the self-serving portions of such statements nor estopped to contradict them.　It is also well settled in this State that a party may contradict his own witness by showing the truth to be different from what the witness testified. *Skipper* v. *State*, 59 *Ga.* 63; *Cronan* v. *Roberts*, 65 *Ga.* 678; *McElmurray* v. *Turner*, 86 *Ga.* 217.　Some of the plaintiff's evidence did in terms contradict the self-serving declarations of the defendant, set out in the paragraph of the answer introduced in evidence by the plaintiff.　These cases show that a party who introduces a witness is not absolutely bound by his testimony, but may contradict him and show the real facts of the case.　Nor are the jury bound to believe that part of the declarations which is in favor of the party making them.　They may believe or reject the whole, or, for sufficient reasons, they may believe part and reject the remainder.　The whole paragraph introduced was made the evidence of the plaintiff, to be used or relied upon by either party as evidence, but it was for the jury at last to determine under all the evidence what part of the paragraph they would believe. Upon this subject see *Sims* v. *Ferrill*, 45 *Ga.* 585 (3).　In *Hixon* v. *Brown*, 75 *Ga.* 397, Hall, J., said:　"Though an answer was waived, this did not deprive the complainant of the privilege of availing herself of admissions made in it; and although the whole answer is before the jury, and the admissions are qualified by other parts of it, they are not bound to believe such qualifications." Going outside of this State, we find the same doctrine announced. In Chamberlayne's Best on Evid. (Inter. ed.), § 520, it is said:

" Where part of a document or statement is used as self-harming evidence against a party, he has a right to have the whole of it laid before the jury, who may then consider, and attach what weight they see fit to any self-serving statements it contains. . . While the whole statement must be received, the credit due to each part must be determined by the jury, who may believe the self-serving and disbelieve the self-harming portion of it, or vice versa." In 1 Greenl. Evid. (16th ed.) § 201, the same principle is announced. In Mott *v.* Consumers Ice Co., 73 N. Y. 543, similar to the present case in that the answer of the defendant was " put in evidence for some unexplained and incomprehensible purpose by the plaintiff," it was said by the New York Court of Appeals: " Ordinarily a party is not bound by the admission of his adversary, of which he gives evidence, but is at liberty to use it so far as it makes in his favor, and to disprove the residue— that is, he is not estopped by it. The fact that an admission is in a pleading does not change its character or create an estoppel." In another case decided by the same court it was said: " The referee was also right in denying the motion for a nonsuit. The plaintiff had given evidence tending to establish his employment and the length of time that he had labored for the defendant. He then showed, by the *declarations* of the defendant, his dismissal and the amount of his salary. In the course of the same conversation the defendant said that the plaintiff got drunk, was absent, and neglected his business. The defendant insists that the admission must be taken together, and in this he is correct; but as there was other evidence, the referee was not obliged to give equal credit to every part of the declaration. He might, and it seems he did, believe the discharge of the plaintiff established by the admission, as a fact peculiarly within the knowledge of the defendant, and reject the excuse offered at the same time, not only as inconsistent with the other evidence, but as probably suggested upon information obtained from others." Bearss *v.* Copley, 10 N. Y. 93. See also Algase *v.* Indemnity Assn., 84 Hun, 474–5; Schmidt *v.* Pfau, 114 Ill. 494 (5), 504; Wilson *v.* Calvert, 8 Ala. 757; Pearson *v.* Sabin, 10 N. H. 205. For these reasons we think that the court below erred in granting a nonsuit.

*Judgment reversed. All the Justices concur.*