## 20881. DONALDSON *v.* CENTRAL OF GEORGIA RAILWAY CO.

DECIDED MAY 16, 1931. REHEARING DENIED JULY 20, 1931.

*Arnold, Arnold & Gambrell,* for plaintiff.

*Little, Powell, Reid & Goldstein, Marion Smith,* for defendant.

JENKINS, P. J.   1.   A railroad company is liable for any injury proximately caused by the negligent running of its locomotives or cars (Civil Code, § 2780); and in all actions based thereon, proof of injury thus inflicted is prima facie evidence of the want of reasonable skill and care on the part of the servants of the company in reference to such injury, with respect to the negligence charged in the petition (Ga. L. 1929, p. 316, sec. 1); but no recovery can be had against a railroad company for injuries done by the consent of the complaining party, or where it appears that a failure on his part to exercise ordinary care for his own safety constituted the proximate cause of the injury.   Civil Code, § 2781. If the complainant and the defendant company are both at fault, in that the negligence of each proximately contributes to the injury, but the negligence of the complainant does not equal or exceed that of the defendant, there may still be a recovery of partial damages reduced in proportion to the amount of default attributable to the complainant, except that in all cases, save where the defendant is guilty of wilful and wanton misconduct, the rule is further qualified so that the complainant is precluded from recovery if, by the exercise of ordinary care on his own part after the negligence of the defendant was apparent or should reasonably have been apprehended, he could have avoided the consequences to himself occasioned by the negligence of the defendant company.   Thus the defense stated in section 2781 of the Civil Code, to the effect that a plaintiff can not recover for injuries caused by his consent or due to his own negligence, is separate and distinct from the additional limitation or qualification of the right to recover as stated in section 4426, which provides that notwithstanding the perilous situation might have been brought about in whole or in the greater part by the negligent acts of the defendant, it is nevertheless incumbent upon the injured party to exercise the care of an ordinarily prudent person to ascertain the defendant's negligence and thereafter to avoid its consequences.   In the one case, the plaintiff is precluded by his own acts and conduct which cause or at least equally contribute to the injury; in the other case, the plaintiff

is precluded merely by his neglect in failing to avoid, if he might reasonably have done so, the consequences of the defendant's negligence. Under the one rule, if the negligent acts and conduct of the complainant only proximately contribute to the injury, but in some less degree than the negligence of the defendant, he can still recover partial damages under the comparative-negligence rule, unless he could have avoided the consequences of the defendant's negligence after it had or should have become known; under the other rule, which is complete within itself, and which applies to all cases, irrespective of the degree of fault, or even the lack of fault, on the part of the defendant in the first instance, short of wilful and wanton misconduct, the complainant is not entitled to recover if by the exercise of ordinary care on his own part he could have avoided the consequences of the defendant's negligence after it had or should have become known. *Central Railroad* v. *Harris,* 76 *Ga.* 501; *Macon & Birmingham Ry. Co.* v. *Anderson,* 121 *Ga.* 666 (49 S. E. 791); *Central of Ga. Ry. Co.* v. *Brown,* 138 *Ga.* 107 (74 S. E. 839).

2. While a failure to charge the defense stated in section 4426 of the Civil Code may constitute reversible error as against the railroad company, a failure so to charge could not be accounted as harmful error as against the plaintiff against whom such defense in favor of the railroad is directed. Accordingly, in an action for damages arising from a collision between the defendant's locomotive and the plaintiff's automobile at a private crossing attended by a private watchman furnished by the plaintiff's employer, where the judge instructed the jury as to the defense stated in section 2781 of the Civil Code, that if "the jury should believe that the plaintiff himself, by the exercise of ordinary care at the time and place of his injuries, could have avoided *injury* to himself," there could be no recovery, without referring to the duty imposed upon the plaintiff by section 4426 of the Civil Code to exercise ordinary care to ascertain the defendant's negligence and thereafter to avoid its consequences, the charge given was not erroneous in that it failed to limit and restrict the duty of the plaintiff to exercise ordinary care to *avoid the consequences of the defendant's negligence* to a time when such negligence was existing and apparent, or the circumstances were such that an ordinarily prudent person would have reason to apprehend its existence. Nor was it error to refuse a

request to charge as follows: "In determining the duty upon the plaintiff to exercise legal care in going upon this crossing, the court instructs the jury as follows: The duty imposed by law upon all persons to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of such other is existing, and is either apparent or the circumstances are such that an ordinarily prudent person would have reason to apprehend its existence." This request in effect sought to engraft the rule that the duty to exercise ordinary care to avoid the consequences of another's negligence does not arise until the negligence of the other party is or should be apparent, upon the defense stated in section 2781, supra, precludes a recovery for injuries occasioned by the plaintiff's own negligent acts or conduct in entering upon a place of danger, irrespective of any duty to use reasonable prudence to avoid the consequence of defendant's negligence after it had or should have been known. *Western Union Telegraph Co.* v. *Spencer*, 24 *Ga. App.* 471 (101 S. E. 198).

3. In view of the verdict in favor of the defendant, any error in the charge of the court relative to the duty of the plaintiff to exercise ordinary care in mitigating the damages, or which might necessarily have relieved the defendant from any damage resulting from the improper or unskilful treatment of the plaintiff, even though the plaintiff might have exercised ordinary care in the selection of his physician, would not authorize a reversal, since such charge related only to the measure of damages. *Southwest Georgia Development Co.* v. *Griffin*, 38 *Ga. App.* 276 (143 S. E. 784), and cit. While it appeared from the evidence that the plaintiff, who sued by next friend, had not reached his majority, and while the jury could possibly have found that the impaired earning capacity of the plaintiff might not have extended beyond his twenty-first year had the plaintiff received proper and skilful medical treatment, a finding in favor of the defendant generally could not have resulted from any such conclusion, since the plaintiff, if entitled to recover at all, was entitled to recover on account of the pain and suffering necessarily incident to the injury received, independently of whether any physical impairment would result in decreasing his earning capacity after he reached his majority. Nor can it be assumed that the jury, in passing upon the right of the plaintiff to recover, were wrongfully influenced by the fact that he had received

compensation from his employer, under the workmen's compensation act, for loss of time on account of the injury.

4. The evidence authorized the verdict in favor of the defendant, and it can not be here set aside for any reason assigned.

*Judgment affirmed. Stephens and Bell, JJ., concur.*