### 29639. DAVIS *v.* THE STATE.

MacINTYRE, J. 1. "It is 'well settled in this State that a party may contradict his own witness by showing the truth to be different from what the witness testified. *Skipper* v. *State,* 59 *Ga.* 63; *Cronan* v. *Roberts,* 65 *Ga.* 678; *McElmurray* v. *Turner.* 86 *Ga.* 217.' *Christian* v. *Macon Railway Co.,* 120 *Ga.* 314 (2), 317 (47 S. E. 923). 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' *Sappington* v. *Bell,* 115 *Ga.* 856 (1) (42 S. E. 233)." *Reaves* v. *Columbus Electric &c. Co.,* 32 *Ga. App.* 140 (4) (122 S. E. 824).

2. " 'The whole question of the credibility of witnesses is wisely left to the jury under any and all circumstances, and, though Ananias and Sapphira spoke again, the law would not strike them dead, but would leave their testimony to be weighed and accepted or rejected by the jury.' This court is therefore powerless to interfere with the verdict of a jury where there is any evidence, however slight, to support it, and regardless of what may be the character of the witnesses for the State." *Aycock* v. *State,* 62 *Ga. App.* 812 (10 S. E. 2d, 84).

3. "Wherever a homicide is neither justifiable or malicious, it is manslaughter; and, if intentional, is voluntary manslaughter." *Mixon* v. *State,* 7 *Ga. App.* 805 (4) (68 S. E. 315).

4. The evidence and the defendant's statement authorized the jury to infer that the conduct of the deceased and his companion, and the attendant circumstances, were not sufficient to justify the killing, but

were sufficient to excite the passion of the defendant and to reduce the killing to manslaughter. *Horton* v. *State*, 110 *Ga.* 739, 743 (35 S. E. 659). Under some of the other phases of the evidence the jury were authorized to conclude that the defendant entertained the fears of a reasonable man, and that a trespass, less than a felony, upon his habitation was likely. The verdict of manslaughter was supported by the evidence, and this, irrespective of passion. *Monroe* v. *State*, 5 *Ga.* 85, 86 (4); *Keener* v. *State*, 18 *Ga.* 194 (10) (63 Am. D. 269); *Crawford* v. *State*, 90 *Ga.* 701 (3) (17 S. E. 628).

5. Applying the above rules of law to the evidence, a verdict of voluntary manslaughter was authorized.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED NOVEMBER 12, 1942.

*Russell G. Turner,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews,* contra.