39026.   McBOWMAN v. MERRY.

Decided September 27, 1961.

*Claud R. Caldwell, John F. Hardin, J. Paul Stephens,* for plaintiff in error.

*Thomas F. Allgood,* contra.

Felton, Chief Judge. ■ The appellate court will not disturb the trial court's refusal to grant a new trial if there is any evidence at all to support the verdict, however slight, and re-

gardless of what may be the character of the witnesses. *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762). "Our function is to review the sufficiency of the evidence, and not to determine its weight. Though the evidence might have authorized a different verdict . . . or the verdict is supported by only slight evidence . . . or the evidence is conflicting or preponderates against the verdict . . . where no material error of law appears, this court will not disturb the trial judge's judgment in overruling the motion for new trial." *Smith v. Merck,* 206 Ga. 361, 375 (57 SE2d 326) and cit. Since there was testimony tending to show that the plaintiff's complaints were at least partially related to her physical condition prior to the collision, the jury was free to decide what it thought to be a fair and reasonable amount of compensation under the circumstances. We cannot say that the amount awarded the plaintiff in this case was inadequate, hence special grounds 1, 2 and 3 are without merit.

■ The court did not err in excluding the plaintiff's testimony as to the amount of money expended by her for repairs to her husband's automobile. The right of action for such damages being in the husband, this testimony was immaterial and irrelevant, and "refusal to admit immaterial and irrelevant testimony is not reversible error." *Prince v. State,* 180 Ga. 796, 797 (4) (180 SE 768). Special ground 4, therefore, is without merit.

■ Special ground 5 is without merit because the exception to the charge is not "sufficiently definite to apprise the court of the precise nature of the specific point to which the allegation of error refers." *Powell v. State,* 179 Ga. 401 (7) (176 SE 29). The portion of the charge quoted stated two correct abstract principles of law, i.e., that the wife's loss of ability to perform housekeeping duties is recoverable by the husband where they are living together (*Martin v. Gurley,* 74 Ga. App. 642 (2), 40 SE2d 787), and that the owner, not the driver, of an automobile is the one who may recover for damages to it. General assignments of error, made on extracts from the charge, will be considered to ascertain whether or not an instruction thus complained of states a correct abstract principle of law; if it does, in the absence of

a specific assignment of error, the appellate court will not inquire whether it is or is not adjusted to the issues and facts of the case. *White v. State,* 141 Ga. 526 (1) (81 SE 440). The exception that the charge was misleading to the jury and prejudicial to the plaintiff which did not point out the reason for either position is not explicit enough. *West Lumber Co. v. Schnuck,* 85 Ga. App. 385 (69 SE2d 577); *Roberts v. State,* 88 Ga. App. 767 (77 SE2d 825); *Mutual Benefit &c. Assn. v. Hickman,* 100 Ga. App. 348, 362 (3) (111 SE2d 380).

Since none of the grounds of the plaintiff's motion for a new trial have merit, it follows that the court did not err in overruling the motion.

*Judgment affirmed. Bell and Hall, JJ., concur.*