### 47685. BAILEY et al. v. PERRIN.

PANNELL, Judge. This case is before this court on appeals by plaintiffs, husband and wife, upon an adverse verdict and judgment in two actions brought against the appellee because of the injury and death of their son when an automobile owned and driven by defendant struck the son in front of the home of plaintiffs. The enumerations of error relate to the admission of certain evidence and to charges of the court based thereon.

1. A police officer, who had just testified about the occurrence in question, was asked about the previous occasion when he had been to this location in response to a call about children playing in the highway, when the following occurred: "Q. What if anything, did you do? A. I talked with the gentleman on the road. Mr. Porter [plaintiff's counsel]: Your Honor, I'm going to make an objection at this point. I think what this officer did previous to this occasion is irrelevant, immaterial, and serves no purpose in the case we have to try here today. The Court: I don't know who it is he talked to. He hasn't said. Mr. Reed [attorney for defendant]: Who did you talk to? A. Your Honor, I didn't ask subject his name. We received a call on 25 which is shooting, and 24 a child in the street. The Court: Do you expect to connect this up, Mr. Reed, to this case? Mr. Reed: Yes, sir." Then followed an interrogation of the witness and testimony by the

witness of a conversation with the father about a complaint that the child had run in front of an automobile on the highway and the driver of the automobile had to run off into the ditch to avoid hitting the child. No further objection was made to the evidence.

Where evidence is conditionally admitted and the court reserves a final ruling on its competency until a later stage of the trial, it is the duty of counsel objecting to the admission of such evidence to invoke a final ruling thereon, and upon his failure to do so, the admission is not error. *Rouse v. Fussell,* 106 Ga. App. 259 (1) (126 SE2d 830); *Vun Cannon v. State,* 208 Ga. 608, 611 (68 SE2d 586); *Smith v. State,* 108 Ga. App. 275, 276 (132 SE2d 821); *Cupp v. State,* 111 Ga. App. 722 (2a) (143 SE2d 197). Upon application of the above ruling to the facts of this case, no error appears in the admission of the testimony.

2. Plaintiff-appellant's objection to the charge of the court upon the above evidence, was as follows: "Your Honor, I think as a whole the charge was very fair to both sides but the only thing I really recoiled at was Charge No. 7 of the defendant. Request No. 7 had to do with the previous warning to the parents and the negligence of the child and I would contend, as the court gave it, it was not adjusted to the evidence and circumstances." Pretermitting the question of whether the grounds of objection are sufficient to comply with the requirements of the statute (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207), it appears that the charge was based upon and adjusted to the evidence alluded to in Division 1 of this opinion, and it cannot be said to be error because "it was not adjusted to the evidence and circumstances."

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 22,

1973 — REHEARING DENIED MARCH 13, 1973 — 

*Joseph E. Cheeley, H. A. Stephens, Jr.,* for appellant. *Reed & Dunn, Robert J. Reed,* for appellee.