## 49409. HARPER v. DANIEL et al.

EVANS, Judge.

On September 1, 1972, Steven Davis Daniel, driving a family purpose automobile, was involved in a collision just outside the city limits of Fort Valley, Georgia. Daniel was driving from school (Middle Georgia College) at Cochran to his home in LaGrange, Georgia. Mamie M. Harper was driving west away from Fort Valley when Daniel overtook her car from the rear. As he passed, the right side of his car collided with the left side of her car. Mrs. Harper contends the right bumper of Daniel's car struck her left rear fender; and then struck her car twice more as it sped by. Daniel contends Mrs. Harper was

blinded by the sun in driving west, and so admitted, and that she drove over the center line and into his lane of traffic as he passed her automobile.

Mrs. Harper thereafter suffered back trouble, resulting in an operation, all of which she attributes to the collision. She sued Daniel, as the driver, and his father, as the owner, under the family purpose car doctrine, for personal injury and damage to her car. She contends the younger Daniel's negligence was the proximate cause of the collision.

Defendants answered, admitting jurisdiction, and contended that defendant Steve Daniel was legally passing plaintiff when she pulled into her left lane of traffic and negligently struck the vehicle being driven by him. Defendant, A. E. Daniel, Jr., owner of the car, counterclaimed for the damage to his automobile.

The jury returned a verdict for defendants, and plaintiff moved for a new trial which was later amended. The appeal is from the judgment entered on the verdict and the denial of the motion for new trial. *Held:*

1. Plaintiff's first objection to the charge was that the court failed to give the general speed restriction statute (Code Ann. § 68-1626 (a); Ga. L. 1953, Nov. Sess., pp. 556, 577; 1959, p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, p. 987; 1968, p. 1158; 1968, pp. 1427, 1428, 1429; 1972, p. 951). The objection was in proper form. The rule as set forth in *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393), has been modified by the decision of this court in *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173 (4 b) (186 SE2d 566). There was no written request to charge. Counsel for plaintiff orally requested that the general speed restriction statute be given in the charge because of the evidence.

But it is not error for the court to fail to charge the law as to an issue not made both by the pleadings and the evidence. *Hardwick v. Georgia Power Co.,* 100 Ga. App. 38, 45 (5) (110 SE2d 24); *Bibb Transit Co. v. Scott,* 101 Ga. App. 352 (4), 357 (114 SE2d 43). The pleadings did not disclose that speed was a factor in the alleged negligence, and if counsel desired a charge on the speed restriction statutes he should have submitted a written request. No

error is shown in this complaint.

2. The evidence discloses that both automobiles had just traversed a curve and the road was straight when the collision occurred. The objection to the charge that the court failed to give the general speed statute for approaching and going around curves is not meritorious even though defendant may have failed to reduce his speed in traversing the curve, which might have contributed to the cause of the collision. The collision did not occur on the curve, hence the question of speed on the curve would not be relevant or material.

3. Since there was no evidence of actual speed, a charge on maximum speed limits was not required.

4. Objection was made to a charge of the court that if the plaintiff could have avoided the consequences to herself by the exercise of ordinary care she would not be entitled to recover. Under the evidence submitted, the charge was not erroneous since there was some evidence that plaintiff failed to avoid colliding with defendant. Questions of comparative and contributory negligence are ordinarily for the jury. *Holland v. Watson,* 118 Ga. App. 468, 472 (164 SE2d 343); *Kirkland v. Moore,* 128 Ga. App. 34, 35 (195 SE2d 667). This complaint is not meritorious.

5. Nor was the giving of the avoidance rule more than once so repetitious as to be harmful to the plaintiff. The charge does not infer that plaintiff did not suffer injury and damage as plaintiff contends. The case of *Thomas v. Barnett,* 107 Ga. App. 717, 729 (6) (131 SE2d 818), is not applicable, since in repeating the avoidance rule twice it cannot be said to have unduly stressed the contentions of the defendant. There is no merit in this complaint.

6. Ordinarily, if a verdict is returned in favor of the defendant in damage suit cases, error in instructions as to the measure of damages is not cause for new trial. *Donaldson v. Central of Ga. R. Co.,* 43 Ga. App. 480 (159 SE 738); *Delta Corp. v. Knight,* 109 Ga. App. 3 (1) (135 SE2d 56). Therefore, no ruling is made on this complaint since the judgment is affirmed.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Argued May 30, 1974 — Decided October 24, 1974 — Rehearing denied November 26, 1974 — ██

*Thomas Hylmon Wall, III,* for appellant.
*Richter & Birdsong, A. W. Birdsong,* for appellees.