## 49960. EDGE v. EDGE.

CLARK, Judge.

This appeal complains of a jury verdict declaring an 87-year-old father to be mentally competent and capable of managing his affairs. The transcript of the two-day trial makes clear the petitioner, as one of four sons, acted for his brothers in seeking to have a guardianship on the basis that it would be in the best interest of the father. Despite the family disagreement the case was tried without acrimony or rancor. The case comes to us from the denial of a motion for judgment notwithstanding verdict or in the alternative a motion for new trial.

1. Appellant's principal contention is based on the general grounds. Arguing that the judgment entered on the verdict was contrary to the law and evidence the son stresses the testimony of twelve witnesses presented by the petitioner as contrasted with the fact that the father was the sole witness in his behalf. Four of these twelve witnesses were medical doctors who expressed the opinion that the father was incapable of managing his financial affairs by reason of senility.

"The opinion of an expert witness is competent testimony to be weighed by the jury to aid them in coming to a correct conclusion; but such testimony is not so authoritative that the jury are bound to believe it and to be governed by it. The jury may deal with such testimony as they see fit, giving it credence or not." *Commercial Cas. Ins. Co. v. Mathews,* 57 Ga. App. 446, 454 (195 SE 887); *Life &c. Ins. Co. v. Truett,* 112 Ga. App. 338, 343 (145 SE2d 84). Moreover, as was stated in *Holmes v. Harden,* 96 Ga. App. 365, 371 (100 SE2d 101): " 'The rule is that, upon the introduction of opinion evidence or expert testimony, the jury can believe opinion evidence or expert testimony in

part or in whole or reject it in favor of other evidence. They can give it such weight as they think it ought to have. They can disregard it and substitute their own knowledge and experience . . .' "

Historically our appellate courts have been consistent in their reluctance to reverse a jury verdict. Typical of the early decisions establishing the applicable principles are *Giles v. State,* 6 Ga. 276, and *Scribner's Sons v. Mutual Bldg. Co.,* 1 Ga. App. 527 (58 SE 240). In the Supreme Court case the eighth headnote reads: "A verdict will not be set aside and a new trial granted, where the case has been fairly submitted on its merits, and no rule of law violated nor manifest injustice done, although there may appear to have been a *preponderance* of evidence against the verdict, especially if the Judge who tried the case is satisfied with the finding." In the case cited from the first volume of our reports the first headnote states that "Where the question in a case is one of fact, every presumption is in favor of the verdict of the jury, that they found what was the truth about the matter; and the record must affirmatively show that the verdict was contrary to law, before it can be set aside. [Cit.]"

Additionally, it should be noted that "After a jury verdict has been returned the evidence is construed in its light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cit.]" *Brown v. Nutter,* 125 Ga. App. 449, 450 (1) (188 SE2d 133).

In the light of these well-established controlling principles our review of the trial transcript confirms the trial judge to have properly overruled the motion for judgment notwithstanding the verdict or in the alternative a motion for new trial.

2. Appellant argues that "In the direct examination of Owen D. Edge, Sr. (T. 199-203), Mr. Edge was allowed, over the objection of counsel, to stand before the jury and make what amounted to, in effect, a closing argument in that he was not examined in the usual manner and was allowed to argue to the jury rather than respond with factual answers and leave the argument to counsel." (Appellant's brief, p. 8). We find no merit in this argument.

As to the stance of the father, there is no requirement that a witness must be seated. Here, the witness requested permission to stand in a specific spot because "I don't have a strong voice." The trial judge's consent comes within the general principle stated in *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919) that "The trial court has a broad discretion in regulating and controlling the business of the court, and the appellate court should never interfere with its exercise unless it is made to appear that wrong or oppression results from its abuse, or the court in some manner takes away rights the parties have under the law." See also *Butts v. Davis,* 126 Ga. App. 311, 312 (3) (190 SE2d 595).

Nor do we find fault in the answer given to the query "Is there anything else that you would like to tell us about these business transactions or about this case?" Despite argument here to the contrary, we consider the testimony met the test of relevancy. As was said in *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643): "No precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the facts of that particular case, and in accordance with the teachings of reason and judicial experience. Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant." Although the sweeping cover-all content of the question might under other circumstances make it objectionable, it was here relevant because the answer cast light on the octogenarian's mental competency.

3. The two remaining enumerations assert error to have occurred in the manner that the trial judge handled the record which had been transmitted from the court of ordinary.

(a) Appellant argues the language of the opening paragraph of the charge to the jury caused appellant to have been deprived of his entitlement to a de novo investigation required by Code Ann. § 6-501 (Ga. L. 1972, pp. 638, 642). We disagree. The portion of the charge complained of was nothing more than informing the jury

that the ordinary had dismissed the petition because the examining committee had failed to reach a unanimous decision. This could not be considered as error in the light of the instruction which immediately followed that "The case is to be tried here as though it had never been in the Ordinary Court, as though it were initially filed here and is to be tried by the jury de novo." (T. 239). Thus, the jury clearly understood it was to consider the case anew in its totality without reference to what had occurred in the court of ordinary.

(b) Nor do we find any error in the court in the present instance having permitted the court of ordinary papers to be treated similarly to those pleadings which are customarily provided so that the jury would have a better understanding of the case before it. In permitting these pleadings to go into the jury room, the trial court did no more than to make the jury aware of the prior decision in the court of ordinary. There was nothing in that record which could be prejudicial to the extent that it would deprive appellant of his right to a de novo investigation. Under the circumstances here, as in *Kelley v. Kelley,* 129 Ga. App. 257, 259 (3) (199 SE2d 399) there was no reversible error in permitting the jury to know the decision of the lower tribunal from which the appeal was made. This absence of any harm to appellant clearly appears in the light of the judge having explained that these pleadings were not to be considered as evidence and specifically that the jury was to consider the case "as though it were initially filed here, and is to be tried by the jury de novo." See also *Baucum v. Harper,* 176 Ga. 296 (6) (168 SE 27).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED MARCH 5, 1975.

*Littlejohn, Gower & Pugh, F. Houser Pugh,* for appellant.

*H. Norwood Pearce,* for appellee.