## 51407. ALLEN v. THE STATE.

EVANS, Judge.

Defendant was charged with 5 misdemeanors, but convicted of only one, to wit, the offense of obstructing an officer. He was found not guilty of the 4 other charges. He was sentenced to serve 12 months. Defendant appeals. *Held:*

1. The oral argument advanced by defendant's counsel before this court is greatly at variance with the transcript of what actually occurred. Counsel argued that the deputy sheriff never did show any badge or other proof that he was a deputy sheriff or officer, and that he was bringing a paper to the place of business where defendant was collecting $1 for admission, and sought admission without making payment; and that no authority existed for the paper. But the law of this state is that once a case has been resolved by a jury, with the approval of the trial judge, the testimony shall be construed most favorably towards the successful party and all conflicts in evidence shall be solved in favor of upholding the verdict. See *Calhoun v. Babcock Bros. Lumber Co.,* 199 Ga. 171, 176 (33 SE2d 430); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Boatright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232). Further, once a verdict has been secured which has the approval of the trial judge, the "any evidence" rule applies, that is, if there is "any evidence" to support the verdict, the same shall be upheld despite the fact that there may be conflicting evidence. See *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762); *McBowman v. Merry,* 104 Ga. App. 454 (1), 456 (122 SE2d 136).

2. The transcript shows (T. 11-16) that Bennie Broome is a deputy sheriff of Richmond County; that some time during the week preceding the trouble, Mr. Waters, the manager of Lake Lodge, requested the Sheriff's

Department of Richmond County to give him written authorization to go to his place of business on the following Sunday to make certain repairs. The place in question was known as Lake Lodge, and had a pouring license to sell whiskey, and of course, whiskey stores ordinarily cannot be opened on Sunday. See Code § 26-9906. It seems Waters very properly wanted it cleared with the sheriff that his opening the place the following Sunday was to be for repairs only, and that the sheriff was advised in advance and was consenting to same.

The sheriff's department failed to send the paper during the week and received a telephone call Saturday night from Mr. Waters about the paper and was told that the paper would be brought out to him right now, which was around nine o'clock.

Deputy Broome immediately went to the place of business with the paper to give to the manager, not intending to be there more than a minute, and he was stopped at the door by George Eldredge Allen, defendant. Allen asked Broome where he was going and Broome replied that he was looking for the manager. Allen (although it was later shown that he was only a "bouncer") said to Broome that you have found the manager, and Broome said he had brought the permit; that he was from the Richmond County Sheriff's Department; and that "you called for a permit to go into your place and make repairs on Sunday." Allen said he had called for no permit and "you ain't going in, not unless you pay a dollar." Deputy Broome said he had not come out there to go in but to bring the permit to allow the operator to go in the place and make repairs on Sunday. Allen again stated he had not called for a permit, and Deputy Broome said that somebody had called for a permit or else Deputy Broome would not be there.

Then Allen said "The thing for you to do is to get your ass off this place right now!" Deputy Broome then showed his deputy sheriff's badge and his credentials and Allen said: "That don't mean a thing to me — this is private property. Get your ass off before I throw it off." Deputy Broome said he didn't come down there to give Allen a hard time or argue with him; that he was not used to being talked to like that and that it constituted an obstruction of

Broome's job, what Deputy Broome was paid to do. Allen said "I don't care. You're either going to leave or I'm going to throw you off." Deputy Broome then went to his car, followed by Allen, who said "Move your car off the place, I don't even want your car on it," and all during this time Allen had his right hand in his pocket.

Deputy Broome then used his car telephone radio to call a car with uniformed deputies in it; they shortly arrived, and Allen also ordered them off the property. Deputy Broome then told Allen he was under arrest, and they engaged in a scuffle, during the course of which Allen got a .45 calibre pistol away from one of the officers, and succeeded in pointing it towards one of the officers. Allen also screamed for help and a number of persons inside the building rushed to his rescue appearing to be drunk, but finally the officers succeeded in quieting Allen down.

The real manager, Mr. Waters, appeared on the scene at this point, and said that Allen was not the manager (as Allen had claimed to be), but was only the bouncer and doorman; and Waters stated that he had called for the permit to open on Sunday for the repairs and that "you must be Mr. Broome."

3. The foregoing, we repeat, is vastly different from the facts presented in oral argument by defendant's counsel, but the posture of the case forces us to accept as true the above recital of the facts as the jury and trial judge have already done. See *Wren v. State,* 57 Ga. App. 641, 644, supra; *Bell v. State,* 21 Ga. App. 788 (95 SE 270).

4. Defendant contends the deputy sheriff was acting beyond the scope of his authority in bringing a paper from the sheriff's department to the place of business, but we do not find this to be the case. Whiskey selling places cannot legally open on Sunday, and in this case repairs were needed to be made, and the manager very prudently cleared it with the sheriff's department, and requested the sheriff to authorize him, in writing, to open on Sunday for the limited purpose of making repairs. On Saturday night he called again about the paper and Broome brought it out to him, just as the manager had requested.

5. Under these circumstances, it appears that the bouncer (defendant) did commit the offense of obstructing an officer in the performance of his duties. See Code §

26-2505. He is in poor position to contend to the contrary as the manager, Mr. Waters, had not only requested the written authorization to open on Sunday, but called again on Saturday night about it since it had not arrived. Deputy Broome was carrying out the agreement between the sheriff and Manager Waters in delivering the paper when he was stopped by the bouncer and harshly and insultingly told to "get his ass off the place," or he would throw him off.

6. Further, the defendant Allen, without provocation, used insulting and abusive language towards officer Broome, which constitutes another offense, to wit: using "abusive or obscene language" as defined by Code § 26-2610 (a). He subjected himself to arrest right then and there for committing this offense in the presence of the officer, and no warrant was needed in order to make such arrest. See *Elder v. Camp*, 193 Ga. 320 (18 SE2d 622) and at page 323; also see Code § 27-207.

7. While the law does not spell out with specificity each and every act which a deputy sheriff may be required to do in the performance of his duties, here it is quite apparent that the deputy sheriff was engaged in performance of his duties. Mr. Waters, the manager, did not want to go into his place on Sunday and open it up for the purpose of making repairs until he was assured by the sheriff's department that they knew of his intention and would interpose no objection. The law does not say in definite terms that a sheriff may give a whiskey store operator the right to open his place on Sunday to make repairs but it is an incident quite likely to arise and in which the sheriff did not exceed his authority. Waters wanted to be sure the sheriff knew of the Sunday opening and that it was for the sole purpose of making repairs; and the sheriff said he was in agreement with the opening *for that limited purpose.* When Saturday night came, Waters became anxious and called the sheriff's department again about the paper, and the sheriff's department (Broome, deputy) said, I will bring the paper out right now. Is there any reasonable person who can say that the deputy was not carrying out his duties in bringing the requested paper to Waters at Lake Lodge?

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

Argued October 29, 1975 — Decided November 21, 1975 — Rehearing denied December 9, 1975 — 

*Nixon, Yow, Waller & Capers, John B. Long, Robert F. Wright, Jr.,* for appellant.

*J. E. Slaton, Solicitor,* for appellee.