## 52115. HOGAN v. CITY-COUNTY HOSPITAL OF LAGRANGE et al.
## 52116. ALMAND et al. v. HOGAN et al.

CLARK, Judge.

This is a medical professional negligence action in which the defendants are a hospital, an obstetrician, and a pediatrician. Plaintiff appellant specified acts of negligence as to each defendant in diagnosis and treatment which she alleged caused the death of her infant son 29 hours after birth. The jury's verdict was for the three defendants.

A motion for new trial based upon general grounds was filed. Subsequently this motion was amended by adding 19 special grounds. This is an appeal from the judgment denying plaintiff's motion for new trial as amended. Our consideration of the extensive record (193 pages) and trial transcript (632 pages) during which eleven doctors[1] and three nurses testified will be divided

---

[1] The extent of specialization of modern medicine is

into sections according to legal categories.

## I. Motion to Dismiss Appeal

1. The three defendants as appellees jointly filed a motion to dismiss the appeal based upon an alleged failure promptly to pay costs below which they assert caused the record and transcript to be transmitted to this court two days beyond the twenty-day period required by Code Ann. § 6-808(c). The motion is denied.

In *Wadlington v. Wadlington,* 235 Ga. 582 (221 SE2d 1) the Supreme Court quoted and adopted the language of our court from *City of Atlanta v. Akins,* 116 Ga. App. 230 (156 SE2d 665) as follows: "We do not think this question is one which concerns the appellate court on a jurisdictional basis. The statute requires that costs be paid and that the appeal not be transmitted until this is done. It does not require the appellate court to police the procedures of trial courts where the issue is not directly before it on appeal, as it would be, for example, in a contempt action against the clerk."

## II. General Grounds

2. Appellant recognizes the problems confronting an appellate court in consideration of the general grounds of a new trial in a negligence case. To overcome this burden, it is argued that this case falls within the dictum of the 4th headnote in *Williamson v. Nabers,* 14 Ga. 286, 287, which reads: "The preponderance is so great as to shock the understanding and moral sense." Contra to this contention the three appellees have argued that the evidence exonerating the three defendants of negligence is so strong that in each instance their motions for directed verdicts should have been granted.

"But the law of this state is that once a case has been resolved by a jury, with the approval of the trial judge, the testimony shall be construed most favorably towards the successful party and all conflicts in evidence shall be solved in favor of upholding the verdict. See *Calhoun v. Babcock Bros. Lumber Co.,* 199 Ga. 171, 176 (33 SE2d

shown here: one witness was a pediatric pathologist and another was an expert in neonatology, which is the care and study of diseases in newborn infants.

430); *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146); *Boatwright v. Rich's, Inc.,* 121 Ga. App. 121 (1) (173 SE2d 232). Further, once a verdict has been secured which has the approval of the trial judge, the 'any evidence' rule applies, that is, if there is 'any evidence' to support the verdict, the same shall be upheld despite the fact that there may be conflicting evidence. See *Davis v. State,* 68 Ga. App. 296 (2) (22 SE2d 762); *McBowman v. Merry,* 104 Ga. App. 454 (1), 456 (122 SE2d 136)." *Allen v. State,* 137 Ga. App. 21 (222 SE2d 856).

Upon applying these criteria to the instant case we find no merit to the first enumeration of error based on the general grounds. See *Steverson v. Hospital Auth. of Ware County,* 129 Ga. App. 510, 511 (1) (199 SE2d 881).

### III. Objections to Charge

3. The next three enumerations of error attack portions of the charge. Appellees assert that plaintiff's exceptions fail to meet the specificity requirements stated in *Ga. Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393); *Pirkle v. Widener,* 119 Ga. App. 401, 403 (167 SE2d 407); and *City of Atlanta v. Layton,* 123 Ga. App. 432, 434 (3) (181 SE2d 313). The rulings in the latter two cases were in accord with and followed the first citation. Bench and Bar should note that subsequent cases limited the holding of *Ga. Power Co. v. Maddox,* supra, and its progeny in that it is no longer a requirement that counsel must point out what the court should have charged. See *A-1 Bonding Service v. Hunter,* 125 Ga. App. 173, 174 (4b) (186 SE2d 566) and *Smith v. Tri-State Culvert Mfg. Co.,* 131 Ga. App. 836, 837 (2) (207 SE2d 203). It should further be noted that these latter rulings do not eliminate nor diminish the necessity of "stating distinctly the matter to which he objects and the grounds of his objection." Code Ann. § 70-207 (a). Mere generalities will not suffice. The correct rule is well stated in *Butts v. Brooks,* 138 Ga. App. 653: "To be reviewable an objection to a trial court's charge must be more than a mere general objection which points out no specific defect; the objection must be sufficiently specific to bring into focus the precise nature of the alleged error so that it can be reasonably understood by the court and afford the trial judge an opportunity to correct any error in his charge without the necessity of an

appeal. [Cits.]" Plaintiff's objections satisfied this test. Accordingly, we proceed to consider the merits of plaintiff's attacks on the court's instructions to the jury.

4. We deal first with the two enumerations asserting the court should not have included in his charge any references to gross negligence. We are of the opinion that the trial judge made a mistake in this respect.

However, our task as an appellate tribunal is to weigh the magnitude of error in determining whether there should be a new trial. *Ga. Power Co. v. Hendricks,* 130 Ga. App. 733, 734 (204 SE2d 465). The court's comments on gross negligence consisted of only seven sentences in a charge so lengthy that it covered 19 pages in the trial transcript. The court's erroneous references were made as a part of an explanation of the degrees of negligence. Nowhere in the charge did the court place upon the plaintiff the burden of proving gross negligence. A reading of the entire charge indicates that the jury could not have been misled nor confused by this erroneous reference. "Though a part of the charge of the court to the jury may not be pertinent to the issues involved, if it be so clearly irrelevant to such issues that the jury could not have been misled or confused by the giving of such instruction, a new trial will not be granted upon the ground that it was error to give it. It was error, but it was harmless." *Jackson v. Kight & Sons,* 159 Ga. 584 (3) (126 SE 379).

The sequence of these erroneous remarks makes clear the absence of harm. After the recital that "plaintiff contends that her child died as a result of the negligence of all of these defendants," (T. 594), the jurist defined the kinds of negligence. Then came a correct statement as to the degree of care and skill to be exercised by physicians as to diagnosis and treatment. This was explained clearly and in detail along with a similar explanation as to the legal duty imposed upon the defendant hospital. Thereafter, the court stated that "The Plaintiff in this case has charged the defendants with gross negligence" (T. 599), and again defined this term. In thus characterizing plaintiff's contentions, the court paraphrased the pre-trial order. Defendants point out that a charge of gross negligence was in fact made in

accusing an obstetrician to have "abandoned and deserted his patient," a pediatrician to have "ignored the results of tests," and a hospital whose employees "failed and refused to attend plaintiff during the birth."

The important element was the fact that the court did not say that the plaintiff had to prove gross negligence in order to establish liability upon any of the defendants. To the contrary, the court charged correctly as to the standard of care required respectively of the doctors and of the hospital. The court charged the proper rules of legal liability applicable to all three defendants. The instructions made clear that if the evidence showed any of the defendants were guilty of ordinary negligence the plaintiff would then be entitled to recover monetary damages.

The issues for decision were stated correctly and in such fashion that jurors of average intelligence could neither have been misled nor confused by the error as to "gross negligence."

The wise Chief Justice Logan Bleckley[2] stated: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." *Brown v. Matthews,* 79 Ga. 1 (4 SE 13). Applying that maxim to the instant charge we are constrained to rule that this error was not sufficiently injurious to warrant a new trial.

The burden is on the party alleging error to show affirmatively an error that injured him. *Campbell v. Power,* 206 Ga. 768 (58 SE2d 829); *Childers v. Ackerman Const. Co.,* 211 Ga. 350 (86 SE2d 227); *Maloy v. Dixon,* 127 Ga. App. 151, 156 (193 SE2d 19). This has not been shown here. No injury occurred; no legal error exists.

5. Appellant's fourth enumeration deals with a

---

[2]The literary perfection of Bleckley's opinions was due to his writing method which he described thusly: "I consider, revise, scrutinize, revise the scrutiny, and scrutinize the revision."

reference to the pediatrician's conduct in which the court used language taken from the pre-trial order. The words objected to explained that among the remaining issues of fact was whether this doctor's "diagnosis of hyaline membrane disease was incorrect, and if so whether it was so grossly unwarranted or mistaken as to be inconsistent with due care. . ." This use of the word "grossly" is tied in with the situation dealt with in the previous division of this opinion. In the present instance, we can not regard it as being harmful since it was taken from the agreed pre-trial order to which no exception was made as required by Code Ann. § 81A-116. This instruction did not deal with the issues for decision by the jury but was a statement as to contentions of the plaintiff.

6. There is no merit in the fifth enumeration of error in which appellant contends the court erred in giving a charge with reference to nominal damages. "Ordinarily, if a verdict is returned in favor of the defendant in damage suit cases, error in instructions as to the measure of damages is not cause for new trial. *Donaldson v. Central of Ga. R. Co.,* 43 Ga. App. 480 (159 SE 738); *Delta Corp. v. Knight,* 109 Ga. App. 3 (1) (135 SE2d 56)." *Harper v. Daniel,* 133 Ga. App. 400, 402 (6) (211 SE2d 5). See also the footnote on pages 156 and 157 of *Maloy v. Dixon,* 127 Ga. App. 151, supra, for a list of citations compiled by our late brother, Judge Eberhardt, of instances where alleged errors as to damages or measure of damages have been held not to be ground for reversal when a verdict is returned for defendant.

IV. Refusals to Charge

7. The next enumeration asserts the court erred in refusing to give a written request dealing with the principle that each joint tortfeasor is liable individually even though the negligence of each defendant was separate. In Georgia we follow the common law rule that there is no percentage of fault (i.e. no division of liability nor apportionment of damages among joint tortfeasors). This was recognized in a recent decision by the U. S. Court of Appeals for the Fifth Circuit, Gates v. L. G. DeWitt, Inc., 528 F2d 405 (5th Cir. 1976). The trial court here covered this concept although not in the precise verbiage submitted by plaintiff. "It is not error to refuse a request to

charge, or to fail to give it in the exact language thereof, when it is adequately covered in the general charge. [Cits.]" *Maloy v. Dixon,* 127 Ga. App. 151, 163 (5), supra. See also *Jackson v. Miles,* 126 Ga. App. 320, 321 (2) (190 SE2d 565); *White v. State,* 230 Ga. 327, 329 (196 SE2d 849).

8. The foregoing ruling also applies adversely to Enumerations 7 and 9 wherein appellant asserts error as to the court's refusal to charge on the principle of proximate cause and on the doctrine of preponderance of evidence in the exact language of the requests. The court charged correctly the doctrine of the proximate cause. The court was not called upon to stress the "interests of parties" in connection with the preponderance of evidence. The court charged Code §§ 38-106 and 38-107 almost verbatim and thereby dealt sufficiently and correctly with credibility and preponderance of evidence.

9. As to Enumeration 8, there was no error in the court's refusal to give plaintiff's written request on the duty which the law imposes upon a physician. The court's charge on this subject correctly stated the applicable principles. The instruction quoted § 84-924 and made clear that the standard established therein "must be such a degree of care and skill as under similar conditions and like surrounding circumstances, is ordinarily employed by the profession generally." This was adequate and in accord with *Hopper v. McCord,* 115 Ga. App. 10, 11 (2) (153 SE2d 646) and cits.

V. Evidentiary Error Enumerations

Appellant presents nine assignments contending error in rulings on evidence. Seven of these assert that evidence was erroneously admitted over plaintiff's objections and two attack rulings on exclusions. The trial transcript reveals that among the witnesses were three nurses and eleven doctors, including the two medical defendants plus an economics Ph. D. In any lengthy trial involving professional negligence the presentation of expert witnesses and the nature of the evidence required to establish and rebut the allegations generally result in numerous objections on both sides. This situation existed here during the four-day trial. In considering the court's evidentiary rulings we subdivide them into two sections:

(A) those in which the court permitted testimony over objections; and (B) those which resulted in plaintiff's tender of evidence being excluded.

(A) Evidence Ruled Admissible

10. Enumerations 10, 11, 15, 16, and 17 deal with answers to hypothetical questions submitted to expert witnesses. "The opinion of an expert witness may be given in response to a hypothetical question based on facts placed in evidence either by the testimony of other witnesses or by competent evidence of any nature." *Mutual &c. Association v. Hickman,* 100 Ga. App. 348 (2) (111 SE2d 380). The evidence was admissible under this test. See also Code § 38-1710.

11. The 18th and 19th enumerations assert error in permitting the defendant pediatrician to testify over objection that the questions called for a conclusion and for matters which were for the jury to decide. "The conclusion of a medical witness founded on stated facts, although to some degree speculative, is not inadmissible." *Douglas v. Herringdine,* 117 Ga. App. 72 (3) (159 SE2d 711). The fact that the doctor witness is a party to the litigation goes to his credibility. "A witness may testify as to his opinion where the question is a proper one for opinion evidence, even though it is the ultimate issue for the jury in the case." 11 EGL Evidence, § 16. See also citations in *Dual S. Enterprises, Inc. v. Webb,* 138 Ga. App. 810. Of course, the rationale permitting such liberality rests on the fact that "The jury upon review of the facts in the case or even by reference to their own experience may discard entirely the opinion of the most learned expert." *Thurmond v. Billingsley,* 88 Ga. App. 21, 24 (4) (75 SE2d 827) and similar holdings in *Holmes v. Harden,* 96 Ga. App. 365, 371 (8) (100 SE2d 101); *Life & Cas. Ins. Co. v. Truett,* 112 Ga. App. 338, 343 (145 SE2d 84) and *Edge v. Edge,* 134 Ga. App. 162 (1) (213 SE2d 540).

(B) Exclusion of Evidence

12. The 12th and 13th enumerations deal with the refusal of the trial court to permit testimony from a registered nurse. "Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be interfered with." *Rouse v. Fussell,* 106 Ga. App. 259 (4)

(126 SE2d 830). There was no error in the trial court's ruling that these medical queries were not within the province of a registered nurse.

13. The remaining enumeration of error (No. 14) deals with the ruling by the trial court upon the tender by plaintiff of certain rules and regulations of the State Department of Public Health relating to maternity and obstetrical service in hospitals. The court made a conditional ruling to the effect that they could not be introduced at the time they were offered. The plaintiff did not subsequently seek a final ruling. In the absence of an insistence upon a final ruling the decision of the court can not be treated as error. See *Bailey v. Perrin,* 128 Ga. App. 476, 477 (1) (196 SE2d 899).

14. As our decision in the main appeal is favorable to appellee defendants, the cross appeal by the pediatrician defendant becomes moot and is dismissed. See Code Ann. § 6-809 (b)(c) and *Olds v. Hair,* 116 Ga. App. 401 (157 SE2d 559).

*Judgment affirmed in 52115; appeal dismissed in 52116. Bell, C. J., and Stolz, J., concur.*

ARGUED MAY 3, 1976 — DECIDED MAY 12, 1976 — REHEARING DENIED JUNE 11, 1976, IN CASE NO. 52115 —

*Word, Nicholson & Cook, Reuben M. Word,* for appellant (case no. 52115).

*Richter, Birdsong, Willis & Keeble, Jerry Willis, A. W. Birdsong, Jr., Kelly, Champion, Denny & Pease, Forrest L. Champion, Jr.,* for appellees (case no. 52115).

*Forrest L. Champion, Jr.,* for appellants (case no. 52116).

*Reuben M. Word, Jerry Willis, A. W. Birdsong, Jr.,* for appellees (case no. 52116).