162 So. 361

### SMITH v. CITY OF MOBILE.
### I Div. 877.

Supreme Court of Alabama.
June 20, 1935.

Inge, Stallworth & Inge, of Mobile, for appellant.

Harry Seale, of Mobile, for appellee.

GARDNER, Justice.

Garnishment proceedings against the city of Mobile to subject to satisfaction of a judgment against William A. Smith, Jr., his compensation as a fireman of said city.

The trial court was of the opinion such compensation was not subject to garnishment under section 8088, Michie's Code, 1928, and quashed the writ, evidently upon the theory that the sum paid the judgment defendant was not salary, but wages, and therefore not within the influence of the statute.

Based upon the broad ground of public policy, our decisions permitted no garnishment proceedings against such municipal corporation. Porter & Blair Hardware Co. v. Perdue, 105 Ala. 293, 16 So. 713, 53 Am. St. Rep. 124. But the lawmaking body changed the rule (Gen. Acts 1923, p. 575 [Code 1928, § 8088]), and declared a contrary public policy by providing that "money due officials or employees of a city, county, or state government, or any department or institution thereof, as salary for services performed for or on behalf of said city, county or state, or any department or institution thereof, may be garnished."

The defendant to the judgment is a member of the city's fire department with a compensation of $75 per month, payable on the second and seventeenth of each month, with deductions if time is lost. As fireman he takes care of the fire truck in his particular station, but his principal duty is that of fighting fires, with incidental duties, including drills.

It is evident the trial court placed emphasis upon the word "salary" in the above-noted statute, but we think the more significant word, as here applicable, is employees, used not only in connection with the word "city," but also the words "any department or institution thereof." Defendant, as a member of the fire department of the city, meets the language of the statute as an "employee," but it is argued that his pay of $75 per month is properly to be denominated as "wages," and not "salary," the word used in the statute, and hence not within its influence. We are persuaded such interpretation runs counter to the legislative intent. The word "salary" has been variously applied and defined. Much depends upon the context. Numerous illustrative cases are found cited in 54 Corpus Juris 1121, and need not be here reviewed. The words "salary" and "wages" have been held under some circumstances as synonymous. 54 Corpus Juris 1123. "Salary" has been defined as an agreed compensation for services, payable at regular intervals, fixed, annual, or periodical payment for services, depending upon the time, and not upon the amount of service rendered. This latter definition is akin to that found in Brandon v. Askew, 172 Ala. 160, 54 So. 605, which differs in some respects from the statement found in Autauga Banking & Trust Co. v. Allen, 220 Ala. 478, 125 So. 805, where the discussion was as to the distinction between fees and allowances and salaries. And the case of First National Bank v. Barnum (D. C.) 160 F. 245, defining a wage earner under the Bankruptcy Act (11 USCA) contains many illustrations and definitions. Among other illustrations is that of a bookkeeper in the employ of others, and receiving a salary of $65 or $70 a month, was held to be a wage earner within the meaning of the law. See, also, So. & North. Ala. R. R. Co. v. Falkner, 49 Ala. 115, where the word "wages" in the act there considered was held to convey the idea of subordinate occupations, not very remunerative, with very little independent responsibility, and subject to immediate supervision. All of which merely serve to demonstrate the varying meanings given to these words, depending upon the connection in which they are used.

Here the question is one of legislative intent. The compensation of members of a city fire department has been often referred to as a salary. Numerous cases in which such reference is made may be found in 43 Corpus Juris 838, and notes thereto. And the compensation of a police officer was so designated in Coe v. City of Dothan, 19 Ala. App. 33, 94 So. 186.

We think the Legislature understood the word "salary" to have been used in its broad sense, as indicated by express declaration, that it should not be held to include costs, fees, commissions, or allowances of public officers (section 8090, Michie's Code 1928), thus out of an abundance of caution throwing restrictions around its meaning.

586

We have referred to cases cited in 43 Corpus Juris 839, where compensation of firemen was designated as salary. An interesting illustration is that of Walsh v. City of Bridgeport, 88 Conn. 528, 91 A. 969, Ann. Cas. 1917B, 318, where many authorities are collated in the note.

We recognize a distinction between wages and salary, at least to the extent that the latter is suggestive of a somewhat larger and more permanent or fixed compensation for more important services. Speilberger Bros. v. Brandes, 3 Ala. App. 590, 58 So. 75. But the exigencies of the case call for no detailed consideration of these distinctions, nor for the many varying meanings of the words depending upon the context.

A fireman occupies a place of some responsibility and for efficient service some training is required. He is supposed to have some permanency of position with a fixed compensation, payable periodically. He is clearly an employee of the city, and we are of the opinion his compensation may very properly be designated as a salary.

We therefore conclude that the defendant's salary is subject to garnishment under the provisions of section 8088 of the Code, supra, and that the learned trial court fell into error in quashing the writ.

The judgment is reversed, and the cause remanded to the court below for proceedings in accord with this opinion.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.