THE STATE OF DELAWARE, on the relation of Elizbeth Ann Hirst, Relator, *v.* CRAYTON K. BLACK, President, and ROBERT HUBER, ELIZABETH RINEHART, JOHN F. HEINEY, V. R. HARDY, Members, Board of Education, Mount Pleasant Special School District, Respondents.

*(September* 26, 1951.)

LAYTON, J., sitting.

*Stewart Lynch* and *Florence E. Freeman* for Relator.

*Louis. J. Finger*, Deputy Attorney-General, for Respondent.

Superior Court for New Castle County, No. 60, Civil Action, 1951.

LAYTON, J.:

▉▉ The first question calls for a determination as to whether, from the language of the agreement itself, compensation was intended to be on a monthly or a per diem basis. Even a casual reading of the contract indicates clearly that a monthly basis of payment was contemplated. The word "salary" occurs throughout the agreement. In *State ex rel. Murray v. Riley*, 70 *A.* 2d 712, 713, 14 *A. L. R.* 2d 630, the Supreme Court of Delaware defined "salary", as: "* * * regular compensation at fixed periods without regard to the number of days actually worked so long as the employee is in good standing with his employer. Thus, providing there be no agreement to the contrary, an employee on salary might reasonably expect to receive his regular salary even though he missed an occasional day's work due to illness or otherwise; and compensation paid during vacations incident to the position is ordinarily based upon the salary regularly paid".

If this were not enough, the contract provides that Relator was to receive a "salary" of "$3000 per year" "payable monthly". Respondent points to the paragraph requiring Relator to work 185 days between September 1, 1948 and June 30, 1949 as indicative of an intent to make compensation on a daily basis, but I am not impressed with this thought. And the further argument that, since the contract calls for monthly payments of salary over the period of a calendar year, Relator could be entitled to no more than $250 per month, in any event, has little significance in view of the fact that the pattern of payments had already been set at $300 monthly in the preceding months, thus demonstrating that Relator's yearly compensation would be paid at the rate of $300 in 10 equal monthly installments.

Clearly, then, the language of the agreement calls for an interpretation requiring compensation by the month, not upon a daily basis.

I turn now to Respondent's second argument—that the contract incorporates by reference all the Rules and Regulations promulgated by the State Board of Education as well as of the Mount Pleasant Special School District. If so, Relator virtually concedes defeat for it is a fact that among the Rules and Regulations of the former is a detailed formula calling for a *per diem* compensation, under certain conditions, one being the resignation of a teacher during the school term. It is also of importance to observe at this point that there is a stipulation in the record which discloses that, at the time Relator signed her contract of employment, she was handed a pamphlet containing the Rules and Regulations of the Respondent, Mount Pleasant Special School District, but not the one promulgated by the State Board of Education, which she has never seen, and which, in fact, contained matter governing the payment of salary on a daily basis as just mentioned.

It is, of course, axiomatic that a contract may incorporate by reference provisions contained in some other instrument. In this connection, *Am. Jur. Vol.* 12, *Sec.* 245, *P.* 781, states the rule to be: "Matters contained in other writings which are referred to may be regarded as a part of the contract and may, therefore, properly be considered in the interpretation of the contract. Where a contract is executed which refers to another instrument and makes the conditions of such other instrument a part of it, the two will be interpreted together as the agreement of the parties."

However, one of the well settled exceptions to this rule is this:—that an agreement will not be deemed to incorporate matter in some other instrument or writing except to the extent that the same is specifically set forth or identified by reference. *Vol.* 17, *C. J. S., Contracts*, § 299, *P.* 716-717. *Tillman v. City of Carthage*, 297 *Mo.* 74, 247 *S. W.* 992, 995.

Now, the language of this contract insofar as it bears upon incorporation by reference of the Rules of the State Board of

Education is, in effect, this: that Relator agrees to observe and enforce the school laws of the State of Delaware, the Rules and Regulations of the State Board of Education and of the Mount Pleasant Special School District. I assume, without deciding, that the words "observe and enforce" clearly demonstrate an intention to incorporate by reference but at least three considerations, the first two of lesser, and the other of greater, significance, make it impossible for me to accept Respondent's argument in its fullest sense.

First, while I do not rest my decision on this ground, it seems to me rather harsh to apply the doctrine of incorporation by reference here, where at the signing of the agreement Relator, unversed in affairs of business, was handed a pamphlet containing the Rules of Respondent, but not one of the State Board of Education which was not her immediate employer.

Secondly, the terms of the contract insofar as they concern salary are clear and unambiguous. True, they do not specifically deal with the question of compensation for vacation periods or time lost due to the closing of school for repairs, but the salary of a teacher would not be generally regarded as subject to diminution because of the time lost for such reasons. Under such circumstances, if Respondent intended Relator to be charged with Rules and Regulations governing compensation on a *per diem* basis under eventualities such as these, then in all fairness, the agreement should have pointed to such regulations in clearer and more precise terms.

Finally, let us consider the language of the agreement in the light of the exception to the general rule that no matter will be deemed to be incorporated by reference unless the same is specifically set forth or identified. Again paraphrased for brevity, it is this—that Relator agrees to observe the Rules and Regulations of the State Board of Education and of the Mount Pleasant Special School District. Now, would a reasonable person in the light of such language and all the other surrounding circum-

stances here mentioned, believe that she was being charged with knowledge of Regulations of the State Board dealing with compensation not made available to her and which she has never seen? To me the use of the words "observe and enforce" connote an agreement to abide by all regulations bearing on the conduct of a school teacher in the execution of her duties as such—for instance, to agree to observe all regulations requiring teachers to behave themselves with decency both in and out of school, those dealing with discipline, standards of teaching and a hundred and one other subjects which might readily come to mind; but not with those governing compensation already clearly set forth in the contract itself.

I conclude that the exception to the general rule above quoted applies here and that the Rules and Regulations of the State Board of Education pertaining to adjustment of salary upon a *per diem* basis were not so clearly set forth or identified as to be construed as incorporated by reference into Relator's contract of employment with Respondent.

The prayers of Relator's petition are granted.