## 42859. CITY OF ATLANTA v. AKINS et al.

Deen, Judge. 1. There is a motion to dismiss this appeal for noncompliance with *Code Ann.* § 24-2729, providing that the appellant shall pay all costs or file a pauper's affidavit prior to the transmission of the record. In *Aetna Cas. &c. Co. v. Sampley*, 108 Ga. App. 617 (134 SE2d 71) it did not affirmatively appear that costs had not been paid, and this court indulged the presumption that the clerk of the trial court had done his duty and collected them nonetheless. Here there is an affirmative showing that no money was paid in prior to transmittal, countered by exhibits attached to appellant's brief to the effect that the City of Atlanta has certain special working arrangements with the courts as to appeal costs. We do not think this question is one which concerns the appellate court on a jurisdictional basis. The statute requires that costs be paid and that the appeal not be transmitted until this is done. It does not require the appellate court to police the procedures of trial courts where the issue is not directly before it on appeal, as it would be, for example, in a contempt action against the clerk. The court in *Vezzani v. Vezzani*, 222 Ga. 853 (153 SE2d 161) and perhaps other cases, has dismissed, not because the costs were not paid but because as a result of that fact the appeal was not timely filed. The latter question is one which concerns this court; the former primarily concerns the trial court. The motion to dismiss is denied.

2. The question for decision may be simply stated: Are salaries uniform as between municipal departments where, although the stipend is equal, there is a material difference in hours worked? Ga. L. 1952, pp. 2635, 2640 requires that "salaries of sergeants and officers of the police and fire departments shall be uniform in the respective departments for each rank." During a part of the period sued for city firemen worked 60 hours per week and policemen 48 hours per week; thereafter firemen had a 60-hour week and policemen a 44-hour work week. There is no doubt that on an hourly rate basis firemen receive less than policemen. Is the word "salary" subject to such construction? A distinction was drawn between salary and wages, as applied to garnishment laws, in *McLellan v. Young*, 54 Ga. 399 (21 AR 276). It has frequently been said that a salary is a

fixed, annual, or periodical amount payable for services and depending on the time of employment rather than the amount of services rendered. In re Information to Discipline Certain Attorneys of Sanitary Dist. of Chicago, 351 Ill. 206 (184 NE 332); Smith v. City of Mobile, 230 Ala. 584 (162 S 361); Commonwealth Life &c. Ins. Co. v. Board of Review of Dept. of Labor, 414 Ill. 475 (111 NE2d 345). In United States v. Grant, 237 F2d 511, 515, the court grappled with the problem and said: "We hold that the salary of marshal Grant belonged to him as an incident to his office and was in no way impaired by his alleged absence therefrom or neglect to perform his official duties." This was, of course, for periods of time prior to discharge. In Hirst v. Black, 46 Del. 295 (83 A2d 678), it was held that an amount paid as monthly salary could not be converted into a per diem because of a notice to quit. In Treu v. Kuchel (Cal. App.), 240 P2d 32, a secretary was hired at a given salary plus a promise of equivalent days off for overtime worked. On leaving the employment prior to receiving her compensatory time she sued for and recovered its cash equivalent. The recovery depended upon whether or not the additional money constituted "salary" and the court held that it did not, although it was recoverable as overtime under the express terms of the contract. There is no sign of legislative intent in the present statute to equate the word salary with either the hours worked or the amount of work done, and it seems logical that it was intended in its generic sense of weekly or monthly compensation for the employment. If the hiring was on an hourly basis the result of course would be different. The petition sets out no cause of action.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

SUBMITTED JUNE 7, 1967—DECIDED JUNE 20, 1967—REHEARING DENIED JULY 26, 1967.

*Henry L. Bowden, John E. Dougherty,* for appellant.
*Robert L. Mitchell,* for appellees.