## 46121. YOUNG et al. v. THE STATE.

HALL, Presiding Judge. Defendant and his surety appeal from the revocation of his probation and from the forfeiture of recognizance.

Defendant was convicted of moonshining in Bleckley County and given a two-year probated sentence in July of 1968. In October 1969, he was arrested by federal agents for making whiskey. On November 26, his probation officer swore out a warrant for his arrest and the State filed a petition to revoke his probation based upon the violation of one of the terms of probation (i.e., to violate no penal laws). Defendant was arrested in another county where he was residing on December 1, returned by the sheriff to Bleckley County, and held in jail until December 4 when he was released on bond. He was served with the revocation petition upon his arrival at the Bleckley County jail and his appearance bond set the date of hearing (January 19, 1970).

We gather from the record that defendant has not been seen since. He was not present at the hearing on January 19, but after receiving evidence from the State, the court ordered his probation revoked. Subsequently, the State petitioned and the court ordered the defendant and the surety to show cause why the amount of the bond should not be forfeited. The surety defended, but upon consideration the court entered judgment against them.

1. The State moves to dismiss the appeal on the ground that the

appellants failed to pay all costs in the trial court or file a pauper's affidavit. This court held in several decisions that it does not act as a collection agency for clerks of trial courts. *City of Atlanta v. Akins,* 116 Ga. App. 230 (1) (156 SE2d 665); *Hornsby v. Rodriguez,* 116 Ga. App. 234 (156 SE2d 830); *American Cas. Co. v. Smith,* 116 Ga. App. 332 (1) (157 SE2d 312); *Moore Ford Co. v. Cambron,* 116 Ga. App. 365 (157 SE2d 504). These decisions were overruled by the Supreme Court in *Howard v. Mitcham,* 224 Ga. 288 (161 SE2d 291). Fortunately, however, they were rehabilitated when the Supreme Court subsequently overruled its *Howard* decision in *J. D. Jewell, Inc. v. Hancock,* 226 Ga. 480, 482 (175 SE2d 847). The motion to dismiss is denied.

2. The main basis of the surety's appeal is the same as defendant's—an attack upon defendant's summary arrest without notice of the petition for revocation, his transferral to another county, and his incarceration for several days without bail. All of these procedures are authorized by *Code Ann.* § 27-2713.

Buried in the record is some argument on the constitutionality of the statute. However, there is neither a direct enumeration of error nor direct argument in the brief on this point. The case was transferred here from the Supreme Court and this court has no authority to consider the question.

3. The surety's contention that the State is estopped to demand forfeit of the bond because the court, without defendant's appearance, nevertheless proceeded to revoke his probation, is without merit.

4. Finally, the surety contends that the bond was void because it was taken by the sheriff rather than by order of the court. While strictly speaking, a sheriff is not authorized to take a recognizance for a felony, an early Georgia case held that an instrument taken by him for the appearance of a defendant would be good as a bond or obligation and may be forfeited by scire facias. *Park v. State,* 4 Ga. 329. This case has often been followed and never overruled.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED APRIL 6, 1971—DECIDED APRIL 29, 1971—
REHEARING DENIED MAY 18, 1971—CERT. APPLIED FOR.

*Benjamin Zeesman,* for appellant.
*Albert D. Mullis, District Attorney,* for appellee.