## 30315. WADLINGTON v. WADLINGTON.

NICHOLS, Chief Justice.

This appeal results from a divorce and alimony petition filed by the plaintiff-wife and cross complaint by the defendant-husband. The jury found for the plaintiff and awarded her the marital domicile in fee simple, alimony and child support. The defendant appeals from the award of the marital domicile in fee simple. Errors are enumerated on the court's failure to accept the first verdict of the jury, in sending the jury back to the jury room to clarify its verdict, and the instructions given in recharge.

1. The appellee has filed a motion to dismiss the appeal for failure to pay the cost in the lower court. Code Ann. § 24-2729. The Court of Appeals in ruling on a similar motion in *City of Atlanta v. Akins,* 116 Ga. App. 230 (156 SE2d 665) (1967), held: "We do not think this question is one which concerns the appellate court on a jurisdictional basis. The statute requires that costs be paid and that the appeal not be transmitted until this is done. It does not require the appellate court to police the procedure of trial courts where the issue is not directly before it on appeal, as it would be, for example, in a contempt action against the clerk." There being no delay in the transmittal of the appeal to this court, the motion to dismiss is denied.

2. The marital domicile was jointly owned by the parties. The wife in her petition for divorce prayed for the "exclusive use of the marital abode." The jury verdict, with reference to the marital abode, stated: "We award the plaintiff for her use and the use of her children . . . the realty located at 2460 Brendon Drive . . ." The trial judge questioned the jury foreman as to what was meant by the word "use," to which he replied: "The intent is to award the plaintiff the house, period." The trial judge then

instructed the jury as to how this intent should be expressed so as to clarify the term "use." The defendant contends that the trial court erred in requiring the jury to clarify the verdict since the plaintiff only prayed for the use of the marital domicile, erred in recharging the jury as to how to express their intent, and in being repetitious in recharging the jury and as to the effect of the evidence.

The plaintiff was already entitled to the use of the property since she was co-owner of a 50 percent undivided interest in the marital domicile and her prayer was for the exclusive use. This would necessarily imply the exclusion of the other co-owner and an award of the use only would be meaningless. Also, the word "use" as used in the original verdict without any qualification or limitation such as until plaintiff remarries, until the youngest child reaches majority or some limitation as to time or duration would be uncertain and ambiguous.

Under Code § 110-111, had the trial court received the verdict as first rendered and allowed the jury to disperse, the verdict could only be amended as to form, but not as to substance. Code § 110-112 provides that: "If a part of a verdict shall be legal and a part illegal, the court will construe such verdict and order it amended by entering a remittitur as to that part which is illegal, and give judgment for the balance."

The trial court faced with these two Code sections and recognizing the ambiguity in the verdict had two choices: to accept the verdict and later write off the ambiguous part, or as stated in *Fried v. Fried,* 208 Ga. 861, 862 (69 SE2d 862) (1952) "require the jury to return to the room and correct its verdict under proper instructions from the court."

In *Jordan v. Downs,* 118 Ga. 544, 546 (45 SE 439) (1903), it was held: "We think that it is not only the right but the duty of the trial judge, when a verdict as returned is ambiguous or indefinite, to call the attention of the jury to the faults of the verdict, ask them what they mean by the verdict or answers returned, and, upon ascertaining what is meant, to direct them to return to their room and correct the verdict so as to make it speak their meaning. A judge has supervision of the whole case, and is not merely a figurehead to sit by and see injustice done or to allow the

reception of an ambiguous or indefinite verdict which is likely to give rise to more litigation or to result in another long and weary trial. In this particular case we approve the conduct of the judge, and think that nothing which he said in the colloquy between him and the jury had the least tendency to indicate to the jury what he thought of the case."

The trial court did not err in seeking to clarify the first verdict of the jury or in its instructions as to how this could be accomplished.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 7, 1975 — DECIDED OCTOBER 21, 1975 — REHEARING DENIED NOVEMBER 24, 1975.

*William R. Parker,* for appellant.

*Haas, Holland, Levison & Gibert, Richard N. Hubert,* for appellee.