31296. GREEN v. KAPLAN et al.

NICHOLS, Chief Justice.

The appellant brought a proceeding in rem to quiet title under Ga. L. 1966, p. 443 (Code Ann. § 37-1411 et seq.). The special master appointed by the trial court filed his report finding against appellant's contention that a deed conveying to him a 68-acre tract of land, more or less, conveyed the entire 103 acres then owned by the grantor. Both appellant and appellees acquired their property through the common grantor. The common grantor had acquired two tracts, one containing 68 acres and one containing 35 acres, at different times and from different parties. After deeding the 68-acre tract to appellant, the

common grantor retained the 35-acre tract for some years prior to selling it. Appellant made no claim to this property until several years after the appellees acquired the 35-acre tract.

1. The appellees have filed a motion to dismiss in which they contend the judgment appealed from is not final because the trial court has not made an award of fees to be paid to the special master. The award of compensation to the special master is a part of the costs under the provisions of § 8 of the 1966 Act, supra (Code Ann. § 37-1418). The motion to dismiss is without merit. See *Wadlington v. Wadlington,* 235 Ga. 582 (1) (221 SE2d 1) (1975).

2. Enumeration of error numbered 1(A) contends the special master was without jurisdiction for failure to serve adjoining landowners. The appellant, having filed the original action and his attorney having been served with a copy of the order appointing the special master on March 3, 1975, which allowed 30 days to file pleadings, is not in a position to assert this omission. The failure to serve adjoining landowners is harmless error, where no rights adverse to them were adjudicated. Code Ann. § 81A-161.

3. Enumerations of error numbered 1(B), 1(C), and 1(D) assign error on the findings of the special master. We have carefully examined the record in this case and find that it more than supports the findings of the special master. There is no merit in these enumerations of error.

4. The remaining enumeration of error excepts to the overruling of appellant's motion for summary judgment. In view of the ruling in Division 3, there is no merit in this enumeration of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 2, 1976 — DECIDED SEPTEMBER 8, 1976 — REHEARING DENIED SEPTEMBER 28, 1976.

*Ruffin & Brown, Carl C. Brown, Jr.,* for appellant.
*Maurice Steinberg,* for appellees.