BRADLEY, Judge.
Myrle Childers, Láveme Lemmond, Annie Morrow, and Shirley Waddell, employees of the Morgan County Board of Education (employees), commenced this action by filing a bill for declaratory judgment seeking a determination that the Morgan County Board of Education (Board) had violated Act No. 82-574, Ala.Acts 1982, by refusing to provide for a fifteen percent increase on a portion of employees’ earnings. The trial court entered a judgment denying employees relief. They appeal to this court. The pertinent facts are set out below.
Employees are employed as bus drivers by the Morgan County Board of Education. For several years the Board had the following categories of bus drivers: adult drivers, student drivers, and trade school drivers. When a new high school, Brewer High, was opened and some students were reassigned to this school, a number of express routes to Brewer High were needed. In response to this need, several new categories of bus drivers were created: regular bus drivers, regular bus drivers with an express route, and trade school bus drivers. A regular bus driver picks up children at their homes and transports them to the elementary/secondary schools. Some regular bus drivers are also employed to drive an express route, which route includes the additional duty of transporting students already assembled at one school to Brewer High. Employees are classified as regular bus drivers with an express route. The Board fixed salaries for regular school bus drivers and trade school bus drivers, but originally made no provision for express routes. Subsequently, regular bus drivers who also drive an express route were granted a pay increase by Board resolution for their additional duties as “express” drivers. This resolution provided that “express” bus drivers be paid a supplement of $160 a month ($1,920 annually) in addition to their designated salary as regular bus drivers. The resolution stated that “[t]he supplement is to be considered as separate and distinct from salary.”
Shortly thereafter, the state legislature passed an act providing for a cost-of-living increase equal to fifteen percent of the salary payable during the 1981-82 fiscal year to education personnel in the elementary/secondary school systems. Act 82-574, 1982 Acts of Alabama.
Employees received a fifteen percent increase in pay for their regular route salary from the County Board, and received no increase for their express route pay. The Board contends that the pay provided to employees for their express route duty is not salary, but instead is something separate from salary. Thus, the Board argues that the above act has no application to this portion of employees’ earnings. Employees urge, however, that this compensation, in fact, does constitute salary and that they are entitled to a fifteen percent increase on their earnings as express route drivers. Thus, employees assert that the trial court erred in failing to require the Board to increase their earnings as express route drivers by fifteen percent.
The term “salary” is not defined in Act 82-574. The generally accepted rule of statutory construction is that, where no statutory definition is given for a term, the commonly accepted definition of such term must be applied. See State v. Wallis, 48 Ala.App. 652, 267 So.2d 172 (1972).
Webster’s Dictionary defines salary as “fixed compensation paid regularly for services.” Webster’s Seventh New Collegiate Dictionary (1976). Black’s Law Dictionary 1503 (rev. 4th ed. 1968), defines salary as “a stated compensation amounting to so much by the year, month, or other fixed period, to be paid ... for the performance *431 of official duties or the rendering of services of a particular kind....” Our case law has defined salary as an agreed compensation for services payable at regular fixed intervals. See, e.g., Smith v. City of Mobile, 230 Ala. 584, 162 So. 361 (1935). A necessary element of the definition is the rendition of some sort of service. See 77 C.J.S. Salary (1952).
It is evident that the “supplement” provided for by Board resolution was intended to compensate the employees for their additional services to the county schools in driving an “express” route. The payments in question clearly are encompassed within the definition of “salary;” the payments were definite, paid at stated intervals, for a fixed period, and in compensation for the rendering of services. Thus, the compensation paid to employees for the extra services performed would appear to be additional salary, and, therefore, subject to Act 82-574. See generally, 38 Words and Phrases Salary (1967). The Board contends, however, that the payments in question are not subject to Act 82-574 because the resolution called these payments something other than salary.
The resolution states that these payments are a supplement. The term “supplement” was not defined by the Board. “Supplement” is commonly defined as that which completes or adds to something already existing or arranged. See 83 C.J.S. Supplement (1953). The supplement was clearly additional pay for additional duties. Thus, given the above definitions, the supplement must be considered as additional salary. In fact, the trial court in its judgment characterized these payments as “supplemental salary.” If, as the Board urges, the supplement is not an addition to salary, and is entirely distinct therefrom, then what is it?
The compensation in question clearly is not a bonus. A bonus is usually thought of as a premium or an addition to an employee’s usual compensation for work performed. Webster’s Seventh New Collegiate Dictionary (1976). Here, the employees were not being given extra compensation for a job well done as regular bus drivers, but instead were being compensated for additional duties as express bus drivers. Consequently, the extra compensation received by the employees was not a bonus.
The extra money paid to the employees was not a gift, either, as the employees were being paid for work performed as express school bus drivers.
Since these payments cannot be classified as either bonuses or gifts, they must be salary as defined above.
A careful reading of the resolution clarifies nothing. In fact, a literal reading of the resolution leads to much confusion, since the resolution is of questionable meaning. We, therefore, are required to place upon it a construction which is reasonable and just. Martin v. City of Trussville, 376 So.2d 1089 (Ala.Civ.App.), writ denied, 376 So.2d 1095 (Ala.1979). In construing the resolution, we consider not only the language used but also the reason and necessity for the resolution and its purpose. Baggett v. Webb, 46 Ala.App. 666, 248 So.2d 275, writ denied, 287 Ala. 725, 248 So.2d 284 (1971). As discussed earlier, the supplement was provided for the purpose of compensating employees for their extra bus driving duties. Thus, these payments constitute a salary. As suggested by a Board member, the supplement for express route duties was meant to remain separate from the salary provided for regular route duties. We conclude that a reasonable construction of the resolution in question is to characterize the “supplement” as additional salary. We find that the Board intended that the supplement merely be distinct from the salary provided to regular bus drivers. We now turn to Act 82-574 to determine whether the mandated fifteen percent increase applies to the supplement in question.
The relevant section of the act reads in part as follows:
“Section 2. ... [A] fifteen percent or other cost-of-living increase [shall be granted] based on the following:

“(c) Fifteen percent of the salary payable during the 1981-82 fiscal year to all *432 bus drivers, and all other support personnel in the elementary/secondary systems .... ”
The mandate of Act 82-574 is clear; the bus drivers in the elementary/secondary school systems were to receive a fifteen percent increase in salary. The employees are school bus drivers in the elementary/secondary school systems of Alabama. The extra pay received by the employees for the extra bus driving duties is nothing more than a supplemental salary for the extra duties performed by the employees. Therefore, the Board is required to pay the employees the fifteen percent salary increase for the 1982-83 fiscal year for their express bus route duties as mandated by Act 82-574. We are not to be understood, however, as expressing an opinion one way or other regarding the duration of Act 82-574. We do not consider such to be an issue in this case.
The judgment of the trial court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.