# IN THE COURT OF CHANCERY FOR THE STATE OF DELAWARE

LEGENT GROUP, LLC, COR ADVISORS LLC, ST. CLOUD CAPITAL PARTNERS II, L.P., and CARLOS P. SALAS,

Plaintiffs,

v.

AXOS FINANCIAL, INC., AXOS CLEARING, LLC, and AXOS CLARITY MERGECO, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 2020-0405-KSJM

## ORDER RESOLVING MOTION TO DISMISS

1.      The plaintiffs, Legent Group, LLC, COR Advisors LLC, St. Cloud Capital Partners II, L.P., and Carlos P. Salas (collectively, "Plaintiffs"), are former stockholders of COR Securities Holdings Inc. (the "Company"). Plaintiffs sold the Company to two of the defendants, Axos Clearing, LLC and Axos Clarity MergeCo., Inc. (together, the "Buyers"), under an Agreement and Plan of Merger (the "Merger Agreement") executed on September 28, 2018.[1]

2.      The Buyers paid $80 million (unadjusted) in cash for the Company. Of that consideration, $7.5 million (the "Withheld Amount") was paid pro rata to each Plaintiff in the form of promissory notes (the "Notes"). The parties agreed that the

---

[1] C.A. No. 2020-0405-KSJM, Docket ("Dkt.") 14, Transmittal Aff. of Thomas E. Hanson, Jr. ("Hanson Aff.") Ex. A.

Withheld Amount would serve as the "sole source of payment" of Buyers' indemnification claims under the Merger Agreement.[2]  The third defendant, Axos Financial, Inc. ("Axos Financial," and with the Buyers, "Defendants"), is the counterparty to the Notes.

3.      The Merger Agreement contains an exclusive Delaware forum selection provision (the "Forum Selection Provision") providing that "[e]ach party agrees that it will bring any action or proceeding in respect of any claim arising out of or related to this Agreement or the transactions contemplated hereby exclusively in the Court of Chancery in the State of Delaware."[3]

4.      Each Note contains a provision requiring arbitration of "[a]ny controversy arising out of or relating to" the Notes (the "Arbitration Provisions").[4]

5.      In July 2019, the Buyers tendered a demand for indemnification (the "Demand").  The Demand stated that the Company breached its representations and warranties under the Merger Agreement by failing to disclose events of default with respect to "Material Contracts."[5]

6.      In April 2020, Plaintiffs advised Defendants that they viewed the Demand as meritless and procedurally improper.  The Buyers nevertheless defaulted

---

[2] Hanson Aff. Ex. A § 2.4

[3] Merger Agreement § 10.7(b).

[4] Dkt. 1, Verified Compl. Seeking Declaratory J. ("Compl.") Ex. A ¶ 21.

[5] Hanson Aff. at 2 (Demand).

on the Notes, claiming that the loss resulting from the alleged breach exceeds the Withheld Amount.

7. In May 2020, Plaintiffs filed this suit. Plaintiffs' Verified Complaint contains five causes of action. In Count I, Plaintiffs seek a declaratory judgment that Defendants are not entitled to indemnification under the Merger Agreement. In Counts II through V, each Plaintiff claims that Axos Financial breached their respective Note.

8. Axos Financial has moved to dismiss the Verified Complaint under Court of Chancery Rules 12(b)(1) and 12(b)(6). The parties fully briefed the motion to dismiss and the court held oral argument on October 29, 2020.[6]

## LEGAL ANALYSIS

9. This analysis first addresses Axos Financial's motion under Rule 12(b)(1), which is directed at all Counts, and then addresses the motion under Rule 12(b)(6), which is directed at Count I only.

10. Axos Financial has moved to dismiss all Counts under Rule 12(b)(1) for lack of subject matter jurisdiction. "As Delaware's Constitutional court of

---

[6] *See* Dkt. 11, Axos Financial, Incorporated's Opening Br. in Supp. of Its Mot. to Dismiss Pls.' Compl. ("Axos Financial's Opening Br."); Dkt. 14, Pls.' Answering Br. in Opp'n to Def. Axos Financial, Incorporated's Mot. to Dismiss ("Pls.' Answering Br."); Dkt. 15, Axos Financial, Incorporated's Reply Br. in Further Supp. of Its Mot. to Dismiss ("Axos Financial's Reply Br."); Dkt. 23, Zoom Teleconference Before Vice Chancellor McCormick on Axos Financial's Mot. to Dismiss.

3

equity, the Court of Chancery can acquire subject matter jurisdiction over a cause in only three ways . . . : (1) one or more of the plaintiff's claims for relief is equitable in character, (2) the plaintiff requests relief that is equitable in nature, or (3) subject matter jurisdiction is conferred by statute."[7]

11. The central thesis of Axos Financial's Rule 12(b)(1) motion is that the court lacks subject matter jurisdiction over: Count I, which asserts purely legal claims; and Counts II through V, which are subject to an arbitration provision contained in the Notes.[8] Plaintiffs bear the burden of establishing subject matter jurisdiction.[9]

12. To establish subject matter jurisdiction as to Count I, Plaintiffs rely on the statutory delegation found in Section 111 of the Delaware General Corporation Law.[10]

---

[7] *Candlewood Timber Gp., LLC v. Pan Am. Energy, LLC*, 859 A.2d 989, 997 (Del. 2004) (citing 10 *Del. C.* §§ 341–42).

[8] Compl. Ex. A § 21.

[9] *E.g.*, *Appriva S'holder Litig. Co. v. EV3, Inc.*, 937 A.2d 1275, 1284 n.14 (Del. 2007); *Lewis v. AimCo Props., L.P.*, 2015 WL 557995, at *2 (Del. Ch. Feb. 10, 2015); *Walker v. City of Wilmington*, 2014 WL 4407977, at *7 (Del. Ch. Sept. 5, 2014).

[10] Compl. ¶ 17. As Defendants correctly observe, parties cannot confer subject matter on this court by agreement, and the forum selection provision alone is therefore insufficient to confer subject matter jurisdiction. *See Thompson v. Lynch*, 990 A.2d 432, 434 (Del. 2010) ("[P]arties may not confer subject matter jurisdiction [on a court] by agreement."). Plaintiffs do not contend otherwise. *See* Pls.' Answering Br. at 12–22.

4

a.    In relevant part, Section 111(a) confers this court with subject matter jurisdiction over "[a]ny civil action to interpret, apply, enforce or determine the validity of the provision of . . . [a]ny agreement . . . governed by [DGCL] § 251."[11]

b.    The Merger Agreement falls within the scope of agreements giving rise to the court's exercise of subject matter jurisdiction under Section 111.  The Merger Agreement addresses the merger of two Delaware corporations and is thus governed by Section 251.[12]  Because Plaintiffs' claims hinge on whether Defendants are entitled to indemnification under the Merger Agreement, this action is a civil action to interpret and enforce the Merger Agreement.

c.    Axos Financial does not dispute that this court has the ability to exercise subject matter jurisdiction over Count I under Section 111.[13]  Axos Financial instead argues that Section 111 vests this court with discretionary and not mandatory jurisdiction, which the court should decline to exercise in connection with Count I.  This Order declines to address whether Section 111

---

[11] 8 *Del. C.* § 111(a).

[12] *See* 8 *Del. C.* § 251(a).

[13] Axos Financial's Reply Br. at 3–4.

vests this court with discretionary jurisdiction,[14] because it is appropriate to exercise jurisdiction over Count I even if Section 111 confers only discretionary authority.

> d. Section 111 was adopted in part "to take advantage of the Court's special corporate expertise" over certain subject matter, like the interpretation of merger agreements.[15] Axos Financial provides no compelling reason why this court should defer utilizing its expertise to interpret the Merger Agreement at issue in this case.

---

[14] For the proposition that Section 111 creates permissive and not mandatory jurisdiction, Axos Financial relies on *Helix Generation LLC v. TransCanada Facility USA, Inc.*, where the court observed that "Section 111(a), to the extent it applies, provides permissive, not mandatory, jurisdiction in this Court." 2019 WL 2068659, at *2 (Del. Ch. May 10, 2019). In the footnote supporting this statement, the court explained that "[c]auses of action described in Section 111(a) '*may* be brought in the Court of Chancery.'" *Id.* (emphasis added) (quoting 8 *Del. C.* § 111(a)). This conclusion is a faithful interpretation of the plain language of Section 111(a), but it does seem to stand in conflict with other decisions of this court interpreting parallel provisions of the LLC and LP Act. *See, e.g.*, *Duff v. Innovative Disc. LLC*, 2012 WL 6096586, at *1, *6 (Del. Ch. Dec. 7, 2012) (finding that Section 8-111 of the LLC Act granted subject matter jurisdiction over a breach of contract and denying Rule 12(b)(1) motion to dismiss); *id.* at *6 ("[Defendant] has not cited any authority, nor does the Court know of any, that would imply that once . . . a plaintiff has chosen to bring its claim here [under Section 18-111], this Court still would have the discretion to refuse to hear it. As I read the statute, this Court does not have such discretion."); *see also Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2004 WL 2050527, at *4–6 (Del. Super. Sept. 15, 2004) (interpreting Section 17-111 of the LP Act as vesting the Court of Chancery with sole subject matter jurisdiction to interpret partnership agreements). As discussed above, this decision declines to address the matter given the other basis for rejecting Axos Financial's argument.

[15] *Kraft v. WisdomTree Invs., Inc.*, 145 A.3d 969, 974 (Del. Ch. 2016).

e.   Accordingly, Axos Financial's motion to dismiss Count I pursuant to Rule 12(b)(1) is DENIED.

13.   To establish subject matter jurisdiction as to Counts II through V, Plaintiffs invoke this court's cleanup doctrine, which provides that "[t]he existence of jurisdiction in this Court over even a single count . . . is sufficient for the exercise of jurisdiction over the remaining counts."[16]  Plaintiffs contend that the exercise of subject matter jurisdiction over Count I is sufficient to give rise to jurisdiction over the remaining Counts.

a.   Axos Financial responds that Counts II through V are subject to the Arbitration Provisions.  It correctly observes that "Delaware courts lack subject matter jurisdiction to resolve disputes that litigants have contractually agreed to arbitrate" and that this court will dismiss a case for lack of subject matter jurisdiction if the "dispute is one that, on its face, falls within the arbitration clause of the contract."[17]

b.   Plaintiffs cite to no case for the proposition that the cleanup doctrine overrides the arbitration cases to which Defendants cite.  Instead, Plaintiffs argue that the Arbitration Provisions should be disregarded because they conflict with the Forum Selection Provision in the Merger Agreement.

---

[16] *Duff*, 2012 WL 6096586, at *7.

[17] *NAMA Hldgs., LLC v. Related World Mkt. Ctr., LLC*, 922 A.2d 417, 429 (Del. Ch. 2007).

7

Plaintiffs say that the Merger Agreement and Notes should be read together as a single agreement because the former agreement incorporates the latter by reference.[18]   Plaintiffs further argue that contradictory provisions render an agreement ambiguous such that the competing provisions should be disregarded.[19]

        c.      Plaintiffs, however, ignore that Axos Financial was not a party to the Merger Agreement.[20]   The Buyers executed the Merger Agreement. Axos Financial executed the Notes.  In fact, the Notes each included a provision stating that "[t]his instrument . . . embodies the entire agreement."[21]

---

[18] Pls.' Answering Br. at 27–28 (citing *Royal Indemn. Co. v. Alexander Indus., Inc.*, 211 A.2d 919, 920 (Del. 1965); *State ex rel. Hirst v. Black*, 83 A.2d 678, 681 (Del. Super. 1951); *Duff*, 2012 WL 6096586, at *12)).

[19] Pls.' Answering Br. at 27–30 (citing *Duff*, 2012 WL 6096586, at *12; Merger Agreement §§ 2.4, 10.6).

[20] This fact distinguishes this case from *Duff*, the primary case on which Plaintiffs rely. *See Duff*, 2012 WL 6096586, at *1–2, *11–12 (finding that the defendant was a party to both agreements that the court analyzed as integrated).

[21] The entire provision reads:  "This instrument, together with any rider incorporated pursuant to paragraph 25 of this Agreement, embodies the entire agreement between the Broker/Dealer and the Lender.  No other evidence of such agreement has been or will be executed or effective without the prior written consent of FINRA."  Notes ¶ 18.  The "rider" to which ¶ 18 of the Notes refers also includes a severability provision, which states:

> Each provision and part thereof of this Agreement shall be deemed separate from each other provision or part thereof, and the invalidity or unenforceability, for any reason or to any extent, of any such provision or part thereof shall not affect the enforceability of the remainder of this Agreement or of any other document executed in connection with the loan under this Agreement, or the application of such provision or part thereof to other persons or circumstances.  Notes ¶ 25(f)(iii).

Plaintiffs therefore must adhere to the Forum Selection Provision when asserting claims under the Merger Agreement against the Buyers, and Plaintiffs must adhere to the Arbitration Provisions when asserting claims under the Notes against Axos Financial.[22] This scheme might be inefficient, but it is not ambiguous.

      d.     Accordingly, Axos Financial's motion to dismiss Counts II through V pursuant to Rule 12(b)(1) is GRANTED.

14.     Axos Financial has moved to dismiss Count I of the Complaint pursuant to Court of Chancery Rule 12(b)(6) for failure to state a claim upon which relief can be granted. "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'"[23] When considering such a motion, the Court must "accept all well-pleaded factual allegations in the [c]omplaint as true . . . , draw all reasonable inferences in favor of the plaintiff, and deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[24] The Court, however, need not "accept

---

[22] *See Quantlab Gp. GP, LLC v. Eames*, 2019 WL 1285037, at *6 (Del. Ch. Mar. 19, 2019) ("The LPA's Integration Clause states the LPA 'contains the entire agreement among the Partners with respect to the matters of this Agreement.' . . . Thus, the LPA is fully integrated with regard to these subjects and cannot be altered or supplemented by another unincorporated agreement . . . .").

[23] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011).

[24] *Id.* at 536 (citing *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896–97 (Del. 2002)).

9

conclusory allegations unsupported by specific facts or . . . draw unreasonable inferences in favor of the non-moving party."[25]

15.    Axos Financial argues that Count I fails to state a claim under this standard because it "fails to allege even minimal facts sufficient to identify the issues in controversy."[26]    Axos Financial contends that "although Plaintiffs seek a declaration stating that each has 'no duty to indemnify Defendants for the alleged loss,' nowhere do they allege what that loss is or identify the basis by which any claimed duty to indemnify purportedly arose."[27]

      a.    The allegations set forth in the Complaint are sufficient to state a claim as to Count I.  With respect to the Demand, the Complaint outlines: the way in which the Demand was made, the times at which the Demand was made and subsequent communications occurred, the contents of the Demands and subsequent communications, and the amount of loss allegedly suffered as a result.[28]

[25] *Price v. E. I. du Pont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011) (citing *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009)), *overruled on other grounds by Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255 (Del. 2018).

[26] Axos Financial's Opening Br. at 14.

[27] *Id.* at 14–15 (formatting altered).

[28] *See* Compl. ¶ 5 ("Defendants tendered a demand for indemnity, in the form of multiple letters asserting shifting theories, claiming they had suffered damages as a result of a failure of the representations and warranties made under the Merger Agreement and that the amount of their damages surpassed the total value of the withheld amount." (formatting altered)); *id.* ¶ 47 ("On July 1, 2019, Defendants . . . tendered a demand for indemnification . . . pursuant to Article VIII of the Merger Agreement . . . .  As set forth in

b.      Axos Financial's argument that the Complaint lacks sufficient detail concerning the amount of loss is basically a critique of its own Demand. It is Defendants claiming indemnification—not Plaintiffs. It is Defendants who know the basis for their computation of alleged losses set forth in the Demand. Count I realleges all of the allegations of the Complaint including its allegations concerning the Demand, which is incorporated by reference into the Complaint.[29] If the Demand is insufficient to identify the purported losses or grounds for claiming indemnification, then it is a deficiency created by Defendants, not Plaintiffs.

c.      Accordingly, Axos Financial's motion to dismiss Count I pursuant to Rule 12(b)(6) is DENIED.

IT IS SO ORDERED.

/s/ Kathaleen St. Jude McCormick
Vice Chancellor Kathaleen St. Jude McCormick
Dated: January 8, 2021

---

the Demand, Defendants contend there was a failure of the representations and warranties made under the Merger Agreement and that this failure caused Defendants to suffer a loss in excess of $16 million . . . as a result of trading activity on March 6 and 7, 2019 by one of its customers." (formatting altered)); *id.* ¶ 49 ("The Demand claimed that the alleged loss occurred on March 7, 2019." (formatting altered)); *id.* ¶ 50 ("The parties exchanged further correspondence regarding the Demand on July 19, October 27, and December 18, 2019, and on March 13 and April 6, 2020, in which Defendants asserted shifting, unsubstantiated and incorrect theories for their claim." (formatting altered)).

[29] Contrary to Axos Financial's assertions, *see* Axos Financial Reply Br. at 12 & n.6, the Demand is incorporated by referenced into the Complaint. By referring to the Demand, Plaintiffs do not concede that the Complain lacks information sufficient to meet the Rule 12(b)(6) standard.

11